OPINION
{¶ 1} Appellant, Diana Speegle n.k.a. Diana Tomski, appeals from a September 10, 2003 judgment entry of the Portage County Court of Common Pleas staying her third-party complaint against appellee, Century 21 Archer Realty, Inc., and submitting the matter to binding arbitration. She also appeals from a September 22, 2003 judgment entry staying the action between plaintiff, Michael Burkey ("Burkey"), and herself and ordering that the case be sent to binding arbitration.
 {¶ 2} Appellant met Burkey in the fall of 2001. On January 31, 2002, appellant's mother died, and as a result, she became the owner of property located at 4965 State Route 14, Edinburg, Portage County, Ohio ("the Edinburg property"). Appellant and Burkey became romantically involved, and Burkey moved into the Edinburg property in March 2002. At some point in June 2002, appellant demanded Burkey leave the Edinburg property claiming that Burkey was involved in illegal activities. After removing Burkey, appellant decided to sell the Edinburg property. She signed an exclusive listing contract with appellee on or about July 24, 2002.
 {¶ 3} On October 18, 2002, Burkey filed a complaint against appellant in conjunction with a motion for an emergency order of attachment on the Edinburg property. The suit was based on payment of personal expenses and improvements to the property from November 2001 to August 2002. Burkey sought to recover the expenses under the theories of breach of contract and unjust enrichment.
 {¶ 4} Appellant stated that in November 2002, she received a telephone call from appellee indicating that it had an interested buyer and suggesting that appellant might want to move quickly because Burkey was attempting to establish a lien on the Edinburg property. According to appellant, appellee had known about the lien prior to its statement concerning time being of the essence because appellee had received a facsimile from Burkey's attorney.
 {¶ 5} On November 29, 2002, appellant entered into a contract for the sale of the Edinburg property with Edward A. Nolfi and Sheri A. Nolfi ("the Nolfis"). This sales contract contained an expansive arbitration clause purporting to cover all claims arising from or related to the contract.
 {¶ 6} On December 20, 2002, appellant filed an emergency motion to set aside the attachment to allow the sale of the Edinburg property to the Nolfis. Both appellant and Burkey agreed on January 31, 2003, in a mutually agreed stipulation, to have the lien removed and have $60,000 from the sale proceeds placed in escrow pending the lawsuit between Burkey and appellant.
 {¶ 7} On April 18, 2003, appellant filed an answer to Burkey's claim, a counterclaim against Burkey, and a third-party complaint against appellee on April 18, 2003. Appellee responded on May 13, 2003, with a motion to dismiss which was denied by the trial court on June 23, 2003.
 {¶ 8} On August 26, 2003, appellee filed a motion to dismiss and/or stay proceedings pursuant to R.C. 2711.02 and a motion to submit the claim between appellant and appellee to binding arbitration as per the arbitration provision in the sales contract between appellant and the Nolfis. On September 10, 2003, the trial court granted appellee's motion to stay proceedings and ordered that the dispute between appellant and appellee be submitted to binding arbitration. On September 22, 2003, the trial court, sua sponte, ordered that the suit between Burkey and appellant be stayed pending arbitration. It is from those two entries that appellant timely filed the instant appeal and now asserts the following two assignments of error:
 {¶ 9} "[1.] The [t]rial [c]ourt erred when it ordered that the dispute between [appellant] and [appellee be submitted] to [a]rbitration.
 {¶ 10} "[2.] The trial [c]ourt erred when it ordered the dispute between Burkey and [appellant] be submitted to arbitration."
 {¶ 11} Under her first assignment of error, appellant contends that the trial court incorrectly submitted her claim against appellee to binding arbitration because her claim originated before the sales contract was signed. She stated that she signed a contract for the sale of the Edinburg property to the Nolfis, which contained the following arbitration clause language: "[any dispute] concerning this contract and/or performance of Seller, Buyer, and Realtor arising out of or in any way related to this contract or any of their acts in performance or connection therewith or related thereto."
 {¶ 12} The standard of review for granting a stay of proceedings and submitting a claim to arbitration is an abuse of discretion. Glenmoore Builders, Inc. v. Kennedy (Dec. 7, 2001), 11th Dist. No. 2001-P-0007, 2001 WL 1561742, at 2. An abuse of discretion indicates more than an error in judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Id. citing Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 13} R.C. 2711.01 provides that: "[a] provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, or out of refusal to perform the whole or any part of the contract * * * shall be valid, irrevocable, and enforceable * * *." Arbitration where possible is usually favored by courts, and any doubts relating to arbitrability are resolved in favor of arbitration. Kline v. OakRidge Builders, Inc. (1995), 102 Ohio App.3d 63, 65-66, citingBrennan v. Brennan (1955), 164 Ohio St. 29, paragraph one of syllabus; Didado v. Lamson Sessions Co. (1992),81 Ohio App.3d 302, 305. R.C. 2711.02(B) requires a court to stay an action if the issues involved fall under a valid, enforceable arbitration agreement:
 {¶ 14} "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 15} "To defeat a motion for stay brought pursuant to R.C.2711.02, a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced." ABM Farms, Inc. v. Woods
(1998), 81 Ohio St.3d 498, syllabus. This principle is in keeping with the understanding that arbitration agreements are separable from the general contracts in which they are contained. Id. at 501.
 {¶ 16} In the instant matter, appellant states that in November 2002, she was contacted by a realtor from appellee who told her of an interested buyer and advised her that she should sell as Burkey was going to put a lien on the Edinburg property. Appellant claimed that she signed the sales contract on that advice. She further asserts that appellee knew about the lien being in place because it had received a facsimile from Burkey's attorney. Appellant argues that she would never have signed the sales contract if appellee had told her about the lien.
 {¶ 17} From appellant's statements in her May 22, 2003 affidavit, it is clear that her claim against appellee arises from the formation of the contract for sale of the Edinburg property. Appellant is not alleging fraud on the part of appellee, she is merely alleging a breach of fiduciary duties owed to her from appellee.
 {¶ 18} Ohio courts strongly favor arbitration, and barring fraud or other reasons for contract rescission, R.C. 2711.01, resolve doubts as to arbitrability in favor of arbitration.Kline at 65-66; Ohio State Dept. of Adm. Services v.Moody/Nolan Ltd., Inc. (Dec. 12, 2000), 10th Dist. No. 00AP-336, 2000 Ohio App. LEXIS 5759, at 5-6. Further, the presence of an arbitration clause that is very broad and purports to encompass "all" claims arising from the contract creates a presumption that the parties agreed to arbitrate all disputes, unless the dispute is expressly excluded, or if there is very strong evidence to show that the claim should be excluded. Moody/Nolan at 8-9, citing Internatl. Bhd. of Teamsters, Chauffeurs, Warehousemen Helpers of America, Local Union 20 v. Toledo (1988),48 Ohio App.3d 11, 13.
 {¶ 19} In addition, an arbitration clause should not be defeated unless there is a positive assurance that the clause cannot be interpreted so that the dispute at issue is covered.Ohio Patrolmen's Benevolent Assoc. v. Lordstown (1997),118 Ohio App.3d 9, 11, citing Didado at 304. Such interpretation is expansive, and when a court is confronted with a broad arbitration statement, the court can enforce the arbitration agreement to even include claims that are not of a contractual nature. Gaffney v. Powell (1995), 107 Ohio App.3d 315, 320
(upholding the trial court's determination that even loss of consortium claims arising from workplace torts are included in the employment contract's arbitration provision).
 {¶ 20} Given this strong presumption of arbitrability and broad interpretation of arbitrability, the trial court was correct in determining that appellant's claim against appellee was subject to arbitration. By appellant's own admission, the basis of her claim indicates why she formed the contract in question and, therefore, falls under a reasonable interpretation of the arbitration clause to include all claims resulting from the formation of the agreement. Appellant's claim for breach of fiduciary duties is not substantively sufficient to make the arbitration clause unenforceable. See Baker v. Schuler, 2d Dist. No. 02CA0020, 2002-Ohio-5386 (alleged breach of fiduciary duties in investment relationship deemed within arbitration clause's scope).
 {¶ 21} Thus, the trial court did not abuse its discretion in submitting the suit between appellant and appellee to binding arbitration pursuant to the arbitration clause in the land sale contract. Appellant's first assignment of error lacks merit.
 {¶ 22} For the second assignment of error, appellant alleges that the trial court incorrectly submitted her claim against Burkey to binding arbitration. However, upon reviewing the September 22, 2003 judgment entry, the matter between Burkey and appellant was merely stayed pending arbitration. It was not submitted to arbitration. Further, there is no separate order in the record indicating that the matter be sent to arbitration. Therefore, this assignment of error was improvidently raised by appellant. Accordingly, it is sua sponte dismissed and we will not consider it.
 {¶ 23} For the foregoing reasons, appellant's first assignment of error is not well-taken, and appellant's second assignment of error is dismissed. The judgment of the Portage County Court of Common Pleas is affirmed.
Grendell, J., Rice, J., concur.