[Cite as *Wisniewshi v. Marek Builders, Inc.*, 2017-Ohio-1035.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104197

---

# MICHAEL WISNIEWSKI

### PLAINTIFF-APPELLANT

vs.

# MAREK BUILDERS, INC., ET AL.

### DEFENDANTS-APPELLEES

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-851916

**BEFORE:** E.A. Gallagher, J., Keough, A.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** March 23, 2017

**ATTORNEYS FOR APPELLANT**

Daniel J. Myers
Samantha A. Vajskop
Myers Law L.L.C.
600 East Granger Road
Second Floor
Cleveland, Ohio 44131


**ATTORNEYS FOR APPELLEES**

Kenneth A. Calderone
Taylor Vincent Trout
R. Brian Borla
Hanna, Campbell & Powell L.L.P.
3737 Embassy Parkway
Suite 100
Akron, Ohio 44333

EILEEN A. GALLAGHER, J.:

{¶1} Plaintiff-appellant Michael Wisniewski appeals the order of the Cuyahoga County Court of Common Pleas staying the present contractual dispute case against defendants-appellees Marek Builders Inc. and Robert Marek and compelling the parties to arbitrate their claims pursuant to an arbitration agreement in their contract. For the following reasons, we reverse and remand.

**Factual and Procedural Background**

{¶2} Wisniewski filed a complaint against Marek on September 30, 2015, asserting claims for breach of contract, negligence and violations of the Home Construction Service Supplier Act and Home Solicitation Sales Act arising out of a contract for a home addition and remodeling of an existing structure. Marek answered the complaint and filed a counterclaim against Wisniewski asserting claims of breach of contract, quantum meruit, unjust enrichment and fraud. Marek also filed a third-party complaint against various subcontractors for indemnity and contribution.

{¶3} On January 4, 2016, Marek filed a motion to stay, pending arbitration, asserting that Wisniewski's claims were subject to a mandatory arbitration provision in the parties' contract. Wisniewski opposed the motion arguing that the arbitration provision was unenforceable because he had cancelled the contract due to violations of the Ohio Home Solicitation Sales Act ("HSSA"), that the arbitration clause was unconscionable, that Marek had waived any right to enforce the arbitration clause by

engaging in the subject litigation and that there was no meeting of the minds on the arbitration provision. On February 16, 2016, the trial court issued a journal entry finding the arbitration agreement to be valid and enforceable and granted Marek's motion to stay pending arbitration.

**Law and Analysis**

{¶4} In his sole assignment of error, Wisniewski argues that the trial court erred in granting Marek's motion to stay pending arbitration.

{¶5} The applicable standard of review for a trial court's ruling on a motion to stay and compel arbitration depends upon "the type of questions raised challenging the applicability of the arbitration provision." *Kaminsky v. New Horizons Computer Learning Ctr. of Cleveland*, 8th Dist. Cuyahoga No. 103416, 2016-Ohio-1468, ¶ 12, citing *McCaskey v. Sanford-Brown College*, 8th Dist. Cuyahoga No. 97261, 2012-Ohio-1543. The issue of whether a party has agreed to submit an issue to arbitration or questions of unconscionability are reviewed under a de novo standard. *McCaskey* at ¶ 7-8. "Under a de novo standard of review, we give no deference to a trial court's decision." *Brownlee v. Cleveland Clinic Found.*, 8th. Dist. Cuyahoga No. 97707, 2012-Ohio-2212, ¶ 9, citing *Akron v. Frazier*, 142 Ohio App.3d 718, 721, 756 N.E.2d 1258 (9th Dist.2001).

{¶6} Wisniewski argues that the arbitration provision in the present case is invalid and unenforceable because the contract containing the arbitration provision failed to comply with the HSSA. Wisniewski argues that he cancelled the contract pursuant to

the HSSA rendering the contract, and the arbitration provision contained therein, void ab initio.

### I. Applicability of the HSSA

{¶7} The HSSA seeks to decrease high-pressure sales tactics that are sometimes employed during in-home solicitations by providing consumers with a cooling-off period within which the transaction may be cancelled. *Garber v. STS Concrete Co., L.L.C.*, 2013-Ohio-2700, 991 N.E.2d 1225, ¶ 12 (8th Dist.). The HSSA applies to:

> a sale of consumer goods or services in which the seller or a person acting for the seller engages in a personal solicitation of the sale at a residence of the buyer, including solicitations in response to or following an invitation by the buyer, and the buyer's agreement or offer to purchase is there given to the seller or a person acting for the seller, or in which the buyer's agreement or offer to purchase is made at a place other than the seller's place of business.

R.C. 1345.21(A).

{¶8} Under the HSSA, a home solicitation sale must include a written agreement that contains a statement of the buyer's right to cancel the contract until midnight of the third business day after the day on which the buyer signs the contract. R.C. 1345.22 and 1345.23. Where no such provision is contained in the agreement, the buyer's right to cancel the contract does not expire. R.C. 1345.23(C). If the buyer decides to cancel the

sale, the seller must refund all payments made under the contract to the buyer. R.C. 1345.23(D)(4)(a). This provision effectively allows the buyer to cancel the contract at any time, but the buyer may be susceptible to an unjust enrichment claim by the seller. *Garber v. STS Concrete Co., L.L.C.*, 8th Dist. Cuyahoga No. 99139, 2013-Ohio-2700, ¶ 18. R.C. 1345.23(C) makes clear that where a notice of right of cancellation is not included, the three-day cancellation period does not begin until the seller furnishes the buyer with the appropriate cancellation notice.

{¶9} In this instance, there is no dispute that the parties' contract failed to provide Wisniewski with the required notice. Wisniewski attached an affidavit to his brief in opposition to Marek's Motion to Stay Proceedings Pending Arbitration averring that Marek came to his home on multiple occasions to discuss the home addition and remodeling project. Marek presented Wisniewski with a contract that was signed at his home. Wisniewski further averred that Marek does not have a place of business open to the public and that he never visited them at a place of business before or at the time of signing the contract. Finally, Wisniewski averred that he was never provided notice of his three-day right to cancel the transaction under the HSSA and that he served Marek a letter canceling the contract by certified mail on August 13, 2015.

{¶10} Marek has not disputed these facts but instead argues that the HSSA does not apply to the subject contract because the contract was for a home "addition" rather than a home "renovation" or "remodel" that Marek concedes have long been held to fall

within the purview of the HSSA. Marek's argument fails in two respects. First, Ohio law has applied the HSSA to home additions. *See, e.g., Kamposek v. Johnson*, 11th Dist. Lake No. 2003-L-124, 2005-Ohio-344, ¶ 3, 17. This court has plainly stated that "the HSSA applies to home improvement contracts involving 'consumer goods or services.'" *Camardo v. Reeder*, 8th Dist. Cuyahoga No. 80443, 2002-Ohio-3099, ¶ 19. Secondly, by Marek's own admission the contract involved "remodeling of an existing structure."[1]

{¶11} On the facts in the record before us, we conclude that the HSSA applied to the subject contract

## II. Wisniewski's Cancellation of the Contract

{¶12} Marek has not disputed the fact of Wisniewski's cancellation. Pursuant to R.C. 2711.02(B) a trial court is required to stay the trial of an action upon application of one of the parties where the court is satisfied that the issue involved in the action is referable to arbitration. Here, Wisniewski alleged in his complaint that under the HSSA he cancelled the subject contract via certified mail sent to Marek's address listed in the contract. Wisniewski reiterated this fact in an affidavit attached to his brief in opposition to Marek's motion to stay. Marek has not challenged this fact either below or on appeal.

{¶13} Instead, Marek argues that it would be unfair to allow him to cancel under

---

[1]*See* Marek's Reply Brief in Support of Motion to Stay Pending Arbitration, p. 2.

the HSSA after Marek provided services under the contract. This court explained in *Garber*, 8th Dist. Cuyahoga No. 99139, 2013-Ohio-2700, that while such an application of the HSSA may seem like an inequitable result, in the context of service contracts involving home remodeling, the statute "'clearly [places] the risk on the home improvement contractor who begins performance before giving the consumer proper notice of the right to cancel.'" *Id.* at ¶ 16, quoting *Clemens v. Duwel*, 100 Ohio App.3d 423, 431, 654 N.E.2d 171 (2d Dist.1995). Furthermore, we noted in *Garber* the availability of an unjust enrichment claim on behalf of the contractor. *Id.* at ¶ 18. Marek has raised such a claim in this case.

### III. The Enforceability of the Arbitration Provision.

{¶14} Having concluded that the HSSA applies to the subject contract and that Wisniewski exercised his right to cancel the contract pursuant to R.C. 1345.23(C), we next examine the effect of the cancellation of the contract on the enforceability of the arbitration provision.

{¶15} Marek argues that pursuant to the Ohio Supreme Court's decision in *ABM Farms v. Woods*, 81 Ohio St.3d 498, 1998-Ohio-612, 692 N.E.2d 574, the arbitration provision survives any rescission of the underlying contract pursuant to the HSSA. In *ABM Farms*, the court held that an arbitration provision within a contract is "in effect, a contract within a contract, subject to revocation on its own merits[.]" *Id.* at 501. The court stated:

> Because the arbitration clause is a separate entity, it only follows that an alleged failure of the contract in which it is contained does not affect the provision itself. It remains as the vehicle by which the legitimacy of the remainder of the contract is decided.

*Id*. at 502.

**{¶16}** The court in *ABM Farms* applied this principle to conclude that to defeat an arbitration provision it was not sufficient for a party to allege fraud in the inducement of the underlying contract. The court held that the party needed to demonstrate that the arbitration provision itself was fraudulently induced. *Id.* at 502.

**{¶17}** Since *ABM Farms* was released in 1998, a number of Ohio courts of appeals have held that grounds for rescission of a contract will not defeat the enforceability of an arbitration provision within the contract. *See, e.g. Household Realty Corp. v. Rutherford*, 2d Dist. Montgomery No. 20183, 2004-Ohio-2422 (holding that "a court is not permitted to consider a claim for rescission of an entire contract where there is no dispute as to the legitimacy of the arbitration clause"); *Pinnell v. Cugini & Cappoccia Builders, Inc.*, 10th Dist. Franklin No. 13AP-579, 2014-Ohio-669 (finding rescission of an underlying contract not to affect an arbitration provision contained within); *Tomovich v. USA Waterproofing & Found. Servs.*, 9th Dist. Lorain No. 07CA009150, 2007-Ohio-6214 (holding that an arbitrator could resolve whether a party may revoke a contract); *Haga v. Martin Homes, Inc.*, 5th Dist. Tuscarawas No. 1998AP050086, 1999 Ohio App. LEXIS 1740 (Apr. 19, 1999) (holding that election of rescission as a remedy would not abrogate the effect of an enforceable arbitration provision).

{¶18} However, this court has declined to extend the holding in *ABM Farms* to situations where a rescission of the underlying contract occurs pursuant to Ohio statutory law. We have consistently held that an arbitration provision may be held unenforceable on grounds that exist at law or in equity for the revocation of any contract. *Hedeen v. Autos Direct Online, Inc.*, 2014-Ohio-4200, 19 N.E.3d 957, ¶ 26 (8th Dist.), citing *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 15.

{¶19} Pursuant to this principle we held in *Neubauer v. Household Fin. Corp.*, 8th Dist. Cuyahoga No. 81451, 2002-Ohio-6831, that, consistent with R.C. 2711.01(A) and FAA Section 2, Title 9 of the U.S. Code, an arbitration clause could be revoked and cancelled by the statutory rescission of the underlying contract. *Id*. at ¶ 20-25.

{¶20} We reaffirmed this position in *Miller v. Household Realty Corp.*, 8th Dist. Cuyahoga No. 81968, 2003-Ohio-3359, holding that "an arbitration provision will not be enforced if it resulted from conduct that would provide for revocation of the contract." *Id.* at ¶ 34. We reiterated that arbitration clauses may be revoked upon grounds as exist at law or in equity for the revocation of any contract. *Id*. at ¶ 35, citing *Southland Corp. v. Keating*, 465 U.S. 1, 10-11, 104 S.Ct. 852, 79 L.Ed.2d 1, (1984).

{¶21} In light of the above authority and the unopposed facts regarding the subject contract's violation of the HSSA and Wisniewski's cancellation thereof, we find that the trial court erred in granting Marek's motion to stay and compel arbitration.

{¶22} Wisniewski's sole assignment of error is sustained.

**{¶23}** The judgment of the trial court is reversed.

This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellees the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

TIM McCORMACK, J., CONCURS;
KATHLEEN ANN  KEOUGH, A.J., DISSENTS WITH SEPARATE OPINION

KATHLEEN ANN KEOUGH, A.J., DISSENTING:

**{¶24}** I respectfully dissent. I would affirm the trial court's decision to refer the matter to arbitration and stay the proceedings pending arbitration.

**{¶25}** R.C. 2711.02 provides that:

(B) If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration.

**{¶26}** The arbitration clause in the contract at issue between the parties provides:

12) All claims, disputes, and other matters in question arising out of, or relating to, this agreement or breech [sic] of it shall be decided in arbitration in accordance with the Construction Arbitration Rules of the American Arbitration Association then in force. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law. The award rendered by the arbitrator shall be final, and judgment may be entered upon in it in any court having jurisdiction.

**{¶27}** In this case, the trial court determined that the arbitration agreement is valid and enforceable — i.e. not unconscionable. Under our de novo review, I would find that

the trial court did not err in its finding.

**{¶28}** The notion of unconscionability includes "'an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.'" *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 33, quoting *Lake Ridge Academy v. Carney*, 66 Ohio St.3d 376, 383, 613 N.E.2d 183 (1993). It contains two separate concepts: (1) unfair and unreasonable contract terms, i.e., substantive unconscionability; and (2) "individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible, i.e., procedural unconscionability." *Olah v. Ganley Chevrolet, Inc.*, 8th Dist. Cuyahoga No. 86132, 2006-Ohio-694, ¶ 14, citing *Collins v. Click Camera & Video*, 86 Ohio App.3d 826, 834, 621 N.E.2d 1294 (2d Dist.1993). The Ohio Supreme Court has held that a party opposing arbitration must show that the arbitration provision, not the contract as a whole, is substantively unconscionable:

> [W]hen a party challenges an arbitration provision as unconscionable pursuant to R.C. 2711.01(A), the party must show that the arbitration clause itself is unconscionable. If the court determines that the arbitration clause is enforceable, claims of unconscionability that relate to the contract generally, rather than the arbitration clause specifically, are properly left to the arbitrator in the first instance.

*Taylor Bldg.* at ¶ 42.

**{¶29}** Substantive unconscionability goes to the terms of the contract. *Ball v. Ohio State Home Servs., Inc.*, 168 Ohio App.3d 622, 2006-Ohio-4464, 861 N.E.2d 553, ¶

7 (9th Dist.). "Substantive unconscionability involves those factors which relate to the contract terms themselves and whether they are commercially reasonable." *Collins* at 834. When a contractual term is "so one-sided as to oppress or unfairly surprise" a party, the contractual term is said to be substantively unconscionable. *Neubrander v. Dean Witter Reynolds, Inc.*, 81 Ohio App.3d 308, 311-312, 610 N.E.2d 1089 (9th Dist.1992). Essentially, it goes to the unfairness or unreasonableness of the contractual terms. *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 159 Ohio App.3d 27, 2004-Ohio-5953, 822 N.E.2d 841, ¶ 13 (9th Dist.). Additional factors to consider include, but are not limited to:

> [T]he fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability. No bright-line set of factors for determining substantive unconscionability * * *. The factors to be considered vary with the content of the agreement at issue.

*Collins* at *id*., citing *Fotomat Corp. of Florida v. Chanda*, 464 So.2d 626 (Fla.App.1985), and *Richard A. Berjian, D.O., Inc. v. Ohio Bell Tel. Co.*, 54 Ohio St.2d 147, 375 N.E.2d 410 (1978).

{¶30} Regarding procedural unconscionability, when a party has such superior bargaining power that the other party lacks a "meaningful choice" to enter into the contract, the contract is said to be procedurally unconscionable. *Taylor Bldg.*, at ¶ 33. Courts have also characterized it as a lack of voluntary meeting of the minds due to the circumstances surrounding the execution of the contract. *Collins,* 86 Ohio App.3d at 834, 621 N.E.2d 1294.

> Procedural unconscionability involves factors bearing on the relative bargaining position of the contracting parties, such as age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, whether alterations in the printed terms were possible, [and] whether there were alternative sources of supply for the goods in question.

*Collins* at *id.*

{¶31} Wisniewski initially contends that the arbitration clause is invalid because he cancelled the contract under the HSSA. However, Wisniewski seems to confuse the validity of the arbitration clause with the validity of the contract. Our review at this stage is whether the arbitration clause is valid or unconscionable. *See Taylor Bldg.*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, at ¶ 41-42 (in reviewing an appeal on a motion to compel arbitration, the appellate court erred in determining the issue of conscionability of the contract as whole rather than limiting its review to whether the arbitration clause was unconscionable).

{¶32} As to the issue at hand, Wisniewski broadly contends that the arbitration agreement is substantively unconscionable without any real identification of which term renders the clause unreasonable and unfair to him. The arbitration clause is relatively simple and straightforward — all claims and disputes arising out of the agreement shall be decided by arbitration and such award by the arbitrator shall be final. Wisniewski's unconscionability claim — both substantively and procedurally — focusing on the "hidden" costs associated with arbitration and the allegation that the Construction Arbitration Rules of the American Arbitration Association includes a "loser-pays"

provision under R-48.

**{¶33}** My review of R-48 of the Construction Arbitration Rules of the American Arbitration Association does not reveal that a "loser-pays" provision exists. Rather, this provision gives the arbitrator the discretion of assessing and apportioning fees, expenses, and compensation as it deems appropriate. Included in this discretion is "an award of attorneys' fees if all parties have requested such an award or it is authorized by law or their arbitration agreement."

**{¶34}** Unlike the "loser-pays" provision that this court, sitting en banc, concluded rendered an arbitration clause unconscionable in *Devito v. Autos Direct Online, Inc*., 8th Dist. Cuyahoga No. 100831, 2015-Ohio-3336 (en banc), no such clause exists here. In this case, the "loser" is not automatically required to pay the costs or expenses as in *Devito*; rather, the arbitrator has the discretion to award or apportion those costs and expenses as he deems just and equitable, if at all. Therefore, Wisniewski's claim that the arbitration clause is substantively unconscionable on that basis is without merit.

**{¶35}** Wisniewski further claims that the arbitration clause is procedurally unconscionable because the arbitration provision was not explained to him, the costs were not revealed, and he had no prior experience with arbitration. However, the Ohio Supreme Court has held that a failure to disclose the costs of arbitration do not make the arbitration provision per se unconscionable. *Taylor Bldg*.,117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 56-58. Additionally, the record reveals that the

contracting parties were not acting with unequal bargaining power. The contract price, terms, and work to be performed was heavily negotiated and at least two alternate quotes were submitted by Marek Builders before the parties agreed on a final contract price. Additionally, Wisniewski was not obligated to accept the contract or its terms; no allegation has been made that only Marek Builders could or would perform the contracted renovations. Finally, the record reveals that Wisniewski was going to complete some of the work himself; thus evidencing his experience in home renovations or the construction trade. Therefore, I would find that Wisniewski also failed to demonstrate that the arbitration clause was procedurally unconscionable.

{¶36} Wisniewski's claims that the contract itself is void or invalid based on an alleged HSSA violation is left for the arbitrator to decide. *See Taylor Bldg.,* 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 41 (claims that relate to the contract generally, rather than the arbitration clause specifically, are properly left to the arbitrator).

{¶37} This court has repeatedly held that "in the face of a valid arbitration clause, questions regarding the validity of the entire contract must be decided in arbitration." *Coble v. Toyota of Bedford*, 8th Dist. Cuyahoga No. 83089, 2004-Ohio-238, ¶ 20, quoting *Weiss v. Voice/Fax Corp.*, 94 Ohio App.3d 309, 313, 640 N.E.2d 875 (1st Dist.1994), citing *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc*. 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985).

{¶38} Accordingly, based on the arbitration clause itself and the arguments raised by Wisniewski, I would find that the arbitration clause is not unconscionable, and is therefore enforceable and valid.

{¶39} Having determined that the arbitration clause is enforceable, this court must decide whether Wisniewski's claims fall within the scope of the arbitration provision — i.e. whether his claims are arbitrable.

{¶40} The threshold question is whether the parties agreed to arbitrate the issues. In *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, 842 N.E.2d 488, the Ohio Supreme Court reiterated that the test for determining the arbitrability of a given dispute involves four rules:

> (1) that "'arbitration is a matter of contract and a party cannot be required to so submit to arbitration any dispute which he has not agreed to so submit'"; (2) that the question whether a particular claim is arbitrable is one of law for the court to decide; (3) that when deciding whether the parties have agreed to submit a particular claim to arbitration, a court may not rule on the potential merits of the underlying claim; and (4) that when a "'contract contains an arbitration provision, there is a presumption of arbitrability in the sense that "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."'"

*Id.* at ¶ 5, quoting *Cohen v. PaineWebber, Inc.*, 1st Dist. Hamilton No. C-010312, 2002-Ohio-196, ¶ 9, quoting *Council of Smaller Ent. v. Gates, McDonald & Co*, 80 Ohio St.3d 661, 665-666, 687 N.E.2d 1352 (1998), citing *AT&T Technologies, Inc. v. Communications Workers of Am.*, 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648

(1986). "A proper method of analysis is to ask if an action could be maintained without reference to the contract or relationship at issue. If it could, it is likely outside the scope of the arbitration agreement." *Aetna Health* at ¶ 6, quoting *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 395 (6th Cir.2003).

{¶41} Despite Wisniewski's claim that he cancelled the contract becuase of HSSA violations, Wisniewski asserts a breach of contract claim against Marek. A breach of contract claim expressly falls under the scope of the arbitration clause contained in the contract. Moreover, because the arbitration clause is a broad clause — covering "all claims, disputes, and other matters in question arising out of, or relating to, this agreement or breech [sic]" — it is not limited to just the breach of contract cause of action raised by Wisniewski. *See Mitsubishi Motors*, 473 U.S. at 628, 105 S.Ct. 3346, 87 L.Ed.2d 444 (even when the rights asserted are based upon state statutes, the provisions of the Federal Arbitration Act apply — by agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum); *Weiss*, 94 Ohio App.3d at 313-314, 640 N.E.2d 875 (statutory right to rescind contract is properly resolved with an arbitrator).

{¶42} In this case, Wisniewski filed a complaint against Marek Builders alleging breach of contract, negligence, HCSSA violations, and HSSA violations. The allegations of the complaint demonstrate that Wisniewski's claims, whether by contract, in tort, or by statute, cannot be maintained without reference to the contract or relationship at issue.

Accordingly, I would find that the trial court did not err in compelling arbitration and granting a stay pending arbitration.

{¶43} Finally, it is important to note that the only issue before this court is whether the trial court erred in compelling arbitration. The majority's decision concludes that the HSSA applied and Marek Builders violated the HSSA. These are issues that should be litigated in the trial court, not in the appellate court. No decision has been reached by any finder of fact regarding the applicability of the HSSA. The HSSA applies only to certain transactions and on the limited record before us, I would find that we are unable to determine whether one of the exemptions that would take the transaction outside the realm of the HSSA applies. *See* R.C. 1345.21(A)(1)-(7).