[Cite as *Love v. Crestmont Cadillac*, 2017-Ohio-1555.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104807**

# ANGILIQUE LOVE

PLAINTIFF-APPELLANT

vs.

# CRESTMONT CADILLAC

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-862246

**BEFORE:** S. Gallagher, J., Keough, A.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** April 27, 2017

**ATTORNEYS FOR APPELLANT**

Thomas J. Connick
Edward A. Proctor
Connick Law, L.L.C.
25550 Chagrin Blvd., Suite 101
Beachwood, Ohio   44122

J. Gary Seewald
820 West Superior Avenue, Suite 100
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Christopher A. Tipping
Julie A. Bickis
Harry A. Tipping
Stark & Knoll Co., L.P.A.
3475 Ridgewood Road
Akron, Ohio   44333

SEAN C. GALLAGHER, J.:

{¶1} Plaintiff-appellant Angilique M. Love appeals the decision of the trial court to grant a motion to stay the case pending arbitration. Upon review, we affirm.

{¶2} In September 2014, Love purchased an automobile from defendant-appellee Crestmont Cadillac ("Crestmont"). In the course of the vehicle purchase transaction, Love signed an agreement to binding arbitration. The agreement required all disputes "arising out of or in any way related to this consumer transaction" to be resolved by binding arbitration "conducted by the American Arbitration Association ("AAA") in accordance with the commercial rules and supplementary procedures for consumer related disputes." The agreement further stated that "[b]inding arbitration shall be used to resolve all claims arising from the purchase * * * of the vehicle * * * financing, warranties, repairs, * * * service or maintenance agreements, or aftermarket products * * *." The agreement contained the following clear and conspicuous warnings:

> THE RESULT OF THESE PROVISIONS IS THAT EXCEPT AS PROVIDED ABOVE, CLAIMS CANNOT BE LITIGATED IN COURT, INCLUDING CLAIMS THAT COULD HAVE BEEN TRIED BEFORE JURY OR AS PRIVATE ATTORNEY GENERAL ACTIONS.
>
> READ BEFORE SIGNING. DO NOT SIGN THIS DOCUMENT BEFORE YOU HAVE READ IT AND UNDERSTAND ITS CONTENTS. ARBITRATION IS NOT REQUIRED FOR THE PURCHASE OR FINANCING OF YOUR VEHICLE.

{¶3} Love alleges that shortly after the purchase, she began experiencing significant problems with the vehicle that Crestmont was unable to diagnose, replicate, or resolve. Love also alleges that Crestmont made certain misrepresentations and sold her

various products and services for excessive and unconscionable fees. She claims she incurred damages as a result.

**{¶4}** In April 2016, Love filed a complaint against Crestmont alleging violation of the Ohio Consumer Sales Practices Act ("CSPA"), negligent misrepresentation, violation of the Magnusson-Moss Warranty Act ("MMWA"), breach of express and implied warranties, beach of contract, breach of implied covenant of good faith and fair dealing, unjust enrichment, and fraudulent concealment. Crestmont filed an answer and a motion to stay the case pending arbitration. Following additional briefing by the parties, the trial court granted the motion on July 12, 2016.

**{¶5}** Love timely filed this appeal. She raises two assignments of error, under which she claims the trial court erred by (1) granting the motion to stay pending arbitration, and (2) failing to hold an evidentiary hearing on the motion.

**{¶6}** The standard of review for a trial court's ruling on a motion to stay and compel arbitration depends on the type of questions raised in the challenge. *Wisniewski v. Marek Builders, Inc.*, 8th Dist. Cuyahoga No. 104197, 2017-Ohio-1035, ¶ 42. Generally, we consider the issue of whether a party has agreed to submit an issue to arbitration or questions of unconscionability under a de novo standard of review. *Hedeen v. Autos Direct Online, Inc.*, 2014-Ohio-4200, 19 N.E.3d 957, ¶ 9 (8th Dist.).

**{¶7}** Love argues that a substantial portion of her claims do not fall within the scope of the arbitration provision. She asserts that many of the alleged unfair, deceptive and/or unconscionable acts occurred prior to the execution of the agreement and,

therefore, are not subject to arbitration. In support of her argument, Love cites *Zalecki v. Terminix Internatl.*, 6th Dist. Lucas No. L-95-156, 1996 Ohio App. LEXIS 593 (Feb. 23, 1996), wherein the court held that CSPA claims involving deception and/or unconscionable acts in the procurement of the contract were not subject to arbitration. However, the Ohio Supreme Court has since held that "to defeat a motion for stay brought pursuant to R.C. 2711.02, a party must demonstrate that the arbitration provision itself in the contract at issue, and not merely the contract in general, was fraudulently induced." *Abm Farms v. Woods*, 81 Ohio St.3d 498, 500, 1998-Ohio-612, 692 N.E.2d 574. No such allegation has been made herein. Furthermore, as this court has previously recognized, "'an arbitration clause that is very broad and purports to encompass "all" claims arising from the contract creates a presumption that the parties agreed to arbitrate all disputes, unless the dispute is expressly excluded, or if there is very strong evidence to show that the claim should be excluded.'" *Wallace v. Ganley Auto Group*, 8th Dist. Cuyahoga No. 95081, 2011-Ohio-2909, ¶ 34, quoting *Burkey v. Speegle*, 11th Dist. Portage No. 2003-P-0113, 2004-Ohio-4388, ¶ 18.

{¶8} Love also asserts that claims asserted under the MMWA are not subject to arbitration. Contrary to this assertion, courts have found that binding arbitration is not prohibited under the MMWA. *McDaniel v. Gateway Computer Corp.*, 4th Dist. Athens No. 04CA12, 2004-Ohio-5368, ¶ 11; *Sikes v. Ganley Pontiac Honda*, 8th Dist. Cuyahoga No. 79015, 2001 Ohio App. LEXIS 4065, 8 (Sept. 13, 2001). Insofar as Love relies on

the FTC's regulations and interpretation of the MMWA, we are not bound thereby. *McDaniel* at ¶ 17.   As found in *McDaniel*,

> [T]he appellee has not persuaded us that Congress intended to bar the arbitration of these sorts of claims.   We find nothing in the text of the MMWA or in its legislative history to suggest that arbitration was intended to be barred under these circumstances.   Moreover, as arbitration has become more accepted in this country as an alternative form of dispute resolution, Congress could have amended the MMWA but has taken no action to do so.   For all these reasons, we join those jurisdictions that have held that the MMWA does not preclude binding arbitration of warranty disputes.
>
> Finally, we point out that sending this matter to binding arbitration does not circumvent the protections of the MMWA.   Appellee may still assert her legal rights under that act in the context of arbitration rather than a court of law.   Compelling arbitration does not deprive a person of a legal right.   Rather, it changes the forum in which those rights are asserted.

*Id.* at ¶ 18-19.   Accordingly, we are not persuaded by Love's argument.   We find that all of the claims asserted by Love fall within the scope of the arbitration agreement.

{¶9} Ohio public policy favors arbitration.   *Hayes v. Oakridge Home*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, ¶ 15.   A party to such an arbitration agreement may obtain a stay of litigation in favor of arbitration under R.C. 2711.02(B). *Id.* at ¶ 17.   Pursuant to R.C. 2711.01(A), an arbitration agreement is enforceable unless grounds exist at law or in equity for revoking the agreement.   *Id.* at ¶ 19.

{¶10} One ground for revocation of an arbitration agreement is unconscionability, which requires both an absence of meaningful choice by one party to the agreement together with contract terms that are unreasonably favorable to the other party.   *Hayes* at ¶ 20.   The party asserting unconscionability bears the burden of proving "a quantum" of

both procedural and substantive unconscionability. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 52.

{¶11} In determining whether an arbitration agreement is procedurally unconscionable, courts consider the circumstances surrounding the contracting parties' bargaining. *Hayes* at ¶ 23. Those circumstances may include the parties' age, education, intelligence, business acumen, and experience; who drafted the contract; whether alterations to the printed terms were possible; and whether there were alternative sources of supply for the goods in question. *Id*., citing *Taylor* at ¶ 43. Other factors that may contribute to a finding of unconscionability in the bargaining process include the following:

> "belief by the stronger party that there is no reasonable probability that the weaker party will fully perform the contract; knowledge of the stronger party that the weaker party will be unable to receive substantial benefits from the contract; knowledge of the stronger party that the weaker party is unable reasonably to protect his interests by reason of physical or mental infirmities, ignorance, illiteracy or inability to understand the language of the agreement, or similar factors."

*Taylor* at ¶ 43, quoting Restatement of the Law 2d, Contracts, Section 208, Comment d (1981).

{¶12} Love asserts the arbitration clause is procedurally unconscionable because the agreement is adhesive in nature, Crestmont possesses superior knowledge of its contracts, Love was not provided information about the AAA rules and protocols, and Love was neither represented by counsel nor advised that she had the right to have an attorney review the agreement.

{¶13} A "contract of adhesion" is, "a standardized form contract prepared by one party, and offered to the weaker party, usually a consumer, who has no realistic choice as to the contract terms." *Taylor*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, at ¶ 48, citing *Black's Law Dictionary* 342 (8th Ed.2004). However, even a contract of adhesion is not in all instances unconscionable per se, and they can provide advantages to consumers. *Taylor* at ¶ 49. "[I]t is incumbent upon the complaining party to put forth evidence demonstrating that the clause is adhesive and, moreover, that as a result of the adhesive nature, the clause is unconscionable." *Sikes v. Ganley Pontiac Honda, Inc*., 8th Dist. Cuyahoga No. 82889, 2004-Ohio-155, ¶ 15.

{¶14} "[S]imply showing that a contract is preprinted and that the arbitration clause is a required term, without more, fails to demonstrate the unconscionability of the arbitration clause." *Taylor* at ¶ 45. "[T]here is no requirement that an arbitration clause be explained orally to a party prior to signing where the provisions at issue were not in fine print, were neither hidden nor out of the ordinary, and were not misrepresented to the signatory." *Garcia v. Wayne Homes*, 2d Dist. Clark No. 2001 CA 53, 2002-Ohio-1884, ¶ 41, citing *Abm Farms*, 81 Ohio St.3d at 503, 1998-Ohio-612, 692 N.E.2d 574.

{¶15} Further, unequal bargaining power alone is insufficient to invalidate an otherwise enforceable arbitration contract. *Taylor* at ¶ 44; *Wallace v. Ganley Auto Group*, 8th Dist. Cuyahoga No. 95081, 2011-Ohio-2909, ¶ 29. Love was an educated individual, holding two master's degrees. She executed the arbitration contract that

included clear and conspicuous warnings. A party to a contract is responsible for reading what he signs. "'A person of ordinary mind cannot be heard to say that he was misled into signing a paper which was different from what he intended, when he could have known the truth by merely looking when he signed.'" *Abm Farms* at 503, quoting *McAdams v. McAdams*, 80 Ohio St. 232, 240-241, 88 N.E. 542 (1909).

{¶16} Additionally, there is nothing to show that Love was prevented from seeking legal counsel prior to signing the agreement. Although Love claims she was led to believe she had no ability to negotiate any of the preprinted terms and that the documents were presented to her in a rapid fashion, there is no evidence that she was prevented from reading the arbitration agreement, that she was incapable of reading or understanding its terms, or that she ever attempted to negotiate or alter any of the terms of the agreement. Love has not sustained her burden of demonstrating that the arbitration agreement is procedurally unconscionable.

{¶17} In determining whether an arbitration agreement is substantively unconscionable, courts consider the terms of the agreement and whether they are commercially reasonable. *Hayes*, 122 Ohio St.3d 63, 2009-Ohio-2054, 908 N.E.2d 408, at ¶ 33. "The factors to be considered vary with the content of the agreement at issue." *Id*.

{¶18} The arbitration agreement was in a separate document clearly identified as "AGREEMENT TO BINDING ARBITRATION," and it provided that the purchaser agreed to voluntarily "waive any right to a trial in any state or federal court to resolve any

dispute and will submit any dispute to binding arbitration." The agreement contained clear language that specifically informed the parties that the arbitration would be conducted by the AAA in accordance with the AAA rules and procedures, and included a website and phone number for obtaining additional information. Because the arbitration agreement provided detailed information about how disputes would be resolved, it was not substantively unconscionable. *See Seyfried v. O'Brien*, 8th Dist. Cuyahoga No. 104212, 2017-Ohio-286, ¶ 32-33 (upholding similar arbitration agreement); *Riggs v. Patriot Energy Partners, L.L.C.*, 7th Dist. Carroll No. 11 CA 877, 2014-Ohio-558, ¶ 51-52; *Peltz v. Moyer*, 7th Dist. Belmont No. 06 BE 11, 2007-Ohio-4998, ¶ 77-78 (upholding arbitration agreement that clearly required arbitration and referred the parties to governing rules). Also, the Ohio Supreme Court has held that a failure to disclose the costs of arbitration does not make the arbitration provision per se unconscionable. *Taylor*, 117 Ohio St.3d 352, 2008-Ohio-938, 884 N.E.2d 12, ¶ 56-58; *see also Seyfried* at ¶ 33; *Peltz* at ¶ 77. The terms of the arbitration agreement are commercially reasonable.

{¶19} Nevertheless, Love asserts that the arbitration agreement fails to comply with the AAA's consumer due process protocol, which indicates that "[t]he AAA will only administer your dispute if the arbitration clause meets certain fairness standards that are contained in the AAA Consumer Due Process Protocol," and further provides that "[i]f the AAA has determined that the arbitration clause does not comply with the standards contained in the protocol, and the business does not comply, the AAA will not handle your claim." This language clearly provides that the determination as to whether

the AAA protocol has been complied with is to be made by the arbitrator in the first instance. In the event arbitration is denied, the matter may be referred back to the trial court.

**{¶20}** Love also asserts that the arbitration provision is against public policy because the provision that "no claim may be brought as a private attorney general action" prohibits her from bringing claims under the CSPA. This provision does not hinder any of Love's substantive rights and remedies under the CSPA. As stated by one court, "We do not consider this limitation alone, however, tantamount to substantive unconscionability, nor do we believe it eviscerates any substantive rights to which [plaintiffs] are entitled under the CSPA." *Bozich v. Kozusko*, 9th Dist. Lorain No. 09CA009604, 2009-Ohio-6908, ¶ 18, citing *Hawkins v. O'Brien*, 2d Dist. Montgomery No. 22490, 2009-Ohio-60, ¶ 33-34 (noting that nothing in the arbitration clause denied the plaintiff any of the substantive rights conferred to him under the CSPA that were sought in his complaint).

**{¶21}** Upon our de novo review, we find the arbitration agreement is enforceable. Appellant's first assignment of error is overruled.

**{¶22}** Finally, we do not find that the trial court erred by failing to hold an evidentiary hearing. "[A] trial court considering whether to grant a motion to stay proceedings pending arbitration filed under R.C. 2711.02 need not hold a hearing pursuant to R.C. 2711.03 when the motion is not based on R.C. 2711.03." *Maestle v. Best Buy Co.*, 100 Ohio St.3d 330, 334, 2003-Ohio-6465, 800 N.E.2d 7; *see also*

*Brownlee v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 97707, 2012-Ohio-2212, ¶ 14. Rather, the trial court has discretion to hold a hearing to consider whether an R.C. 2711.02 stay was warranted. *Maestle* at 334. Here, the trial court ordered supplemental briefing on the matter and had an adequate record upon which to make its decision. We find no abuse of discretion. Appellant's second assignment of error is overruled.

**{¶23}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
ANITA LASTER MAYS, J., CONCUR