FEATHERSTONE, Appellant,

v.

MERRILL LYNCH, PIERCE, FENNER SMITH, Inc., Appellee, et al.

[Cite as *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 159 Ohio App.3d 27, 2004-Ohio-5953.]

Court of Appeals of Ohio,
Ninth District, Wayne County.

No. 04CA0037.

Decided Nov. 10, 2004.

28

Charles A. Kennedy, for appellant.

Byron S. Krantz, Ari H. Jaffe and Dominick Evangelista, for appellee.

SLABY, Judge.

{¶ 1} Appellant, Harry E. Featherstone, appeals from the judgment of the Wayne County Court of Common Pleas that stayed his lawsuit pending arbitration. We affirm.

{¶ 2} In February 2004, appellant initiated a lawsuit against appellee, Merrill Lynch, Pierce, Fenner & Smith, Inc., and Joel Cessna, alleging breach of fiduciary duty relating to an individual retirement account. Appellee filed a motion to stay pending arbitration pursuant to R.C. 2711.02(B) and (C), which the trial court granted, ordering commencement of arbitration no later than June 12, 2004. Appellant timely appealed that decision, raising three assignments of error for our review. The trial court stayed its decision pending the outcome of this appeal. For ease of discussion, we will discuss all of the assignments of error together.

## ASSIGNMENT OF ERROR I

The trial court erred by staying the case pending arbitration when [appellee] was in default in proceeding with arbitration.

## ASSIGNMENT OF ERROR II

The trial court erred by staying the case pending arbitration when [appellee] waived right to arbitration.

## ASSIGNMENT OF ERROR III

The trial court erred by staying the case pending arbitration because the arbitration agreement is unconscionable and unenforceable.

{¶ 3} In his assignments of error, appellant argues that the trial court erred by staying proceedings pending arbitration under R.C. 2711.02. Appellant asserts three separate grounds that would render the court's decision improper. First, appellant insists that appellee was in default of proceeding with arbitration due to its failure to provide appellant with the proper forms to request arbitration pursuant to the contract. Second, he states that appellee waived its right to enforce the arbitration provision due to that same failure to provide the proper forms. Finally, appellant argues that the arbitration provision was unconscionable because the clause was nonnegotiable, rendering him without any meaningful choice, and included terms that were "draconian" and "unreasonably in favor of" appellee. We disagree with appellant's assertions.

{¶ 4} This court reviews a trial court's stay of proceedings pending arbitration under R.C. 2711.02 for an abuse of discretion. *Pinette v. Wynn's Extended Care, Inc.*, 9th Dist. No. 21478, 2003-Ohio-4636, 2003 WL 22047686, at ¶ 5. "Abuse of discretion" implies more than a mere error of judgment or law, but indicates that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. An appellate court may not substitute its judgment for that of the

trial court when applying the abuse-of-discretion standard. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748.

{¶ 5} Ohio public policy favors enforcement of arbitration provisions. *Harrison v. Toyota Motor Sales, U.S.A., Inc.*, 9th Dist. No. 20815, 2002-Ohio-1642, 2002 WL 533478, at ¶ 9. If the subject of a dispute arguably falls within an arbitration provision, a presumption arises favoring arbitration. Id. "[U]nless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute," a court should require arbitration according to the contract. *Neubrander v. Dean Witter Reynolds, Inc.* (1992), 81 Ohio App.3d 308, 311, 610 N.E.2d 1089. If a court determines that the dispute arguably falls within the arbitration provision, it must stay trial of the proceeding until arbitration is conducted according to the contract. R.C. 2711.02(B).

{¶ 6} While policy prefers enforcement of an arbitration clause, that clause may be invalidated upon grounds existing in law or equity where the contract itself is invalid. R.C. 2711.01(A). In this case, appellant asserts three bases supporting nonenforcement of the clause: default in proceeding with arbitration, waiver, and unconscionability.

A. Default in Proceeding with Arbitration and Waiver

{¶ 7} Appellant's arguments relating to default in proceeding with arbitration, which renders a stay inapplicable under R.C. 2711.02(B), and waiver are nearly identical. Appellant basically insists that appellee waived its right to enforce the provision or request a stay pending arbitration because appellee failed to promptly supply appellant with the necessary forms to pursue arbitration. Seven and one half months stretched between appellant's authorization to release information regarding arbitration and appellee's production of that information to appellant, which occurred only after the filing of this lawsuit.

{¶ 8} A party cannot be in default in proceeding with arbitration where it has no duty to commence arbitration. Only an aggrieved party may demand arbitration. It defies logic to insist that an uninjured party, who may or may not know that another party believes it has been wronged, must institute arbitration proceedings against that allegedly aggrieved party in order to preserve its right to arbitrate. The allegedly injured party is the only one in any position to determine whether it would like to pursue a remedy in the first place. In this case, appellant is the allegedly aggrieved party. He is the only party in a position to determine whether he would like to pursue any remedy for an asserted wrong. Thus, appellant bears the burden of initiating arbitration or legal proceedings, not appellee. While appellee's failure to provide appellant with

the requested forms may be reprehensible, appellee cannot be in default in proceeding with arbitration for that failure.

{¶ 9} The facts of this case also do not support a finding of waiver. "The waiver doctrine was formulated to ensure that an otherwise absolute right to arbitrate must yield, at times, when justified by public policy considerations of judicial economy and detrimental reliance." *Manos v. Vizar* (July 9, 1997), 9th Dist. No. 96CA2581–M, at 6, 1997 WL 416402. In order to waive the right to arbitrate, a party must know that he has the right to arbitrate and act inconsistently with that right, generally in a manner causing delay and prejudice to the opposing party. *Klatka v. Seabeck* (Aug. 9, 2000), 9th Dist. No. 19787, at 5, 2000 WL 1124067. For example, where a party does not promptly raise the arbitration provision before the trial court, he waives his right to arbitration. See *Dynamark Sec. Ctrs., Inc. v. Charles*, 9th Dist. No. 21254, 2003-Ohio-2156, 2003 WL 1984204, at ¶ 18.

{¶ 10} In this case, appellee had knowledge of the arbitration provision and promptly raised the issue of arbitration before the trial court. Appellant insists that appellee's failure to provide the forms necessary for appellant to pursue arbitration constitutes waiver. Based on the evidence before this court, we cannot agree that failure to respond within seven and one half months to only one proper request authorizing release of arbitration information amounts to waiver of appellee's right to arbitrate. There is nothing in the record suggesting that appellee prevented appellant from seeking those forms in another manner or making a second request when it was apparent that the first had not been promptly answered. Based only on this information, we find that the trial court did not abuse its discretion in determining that the facts at hand did not equate to waiver. Accordingly, we overrule appellant's first and second assignments of error.

## B. Unconscionability

{¶ 11} Appellant further argues that the terms of the arbitration provision are unconscionable so that it should not be enforceable. Appellant directs this court to multiple factors that he asserts support his position. First, appellee did not permit appellant to negotiate the terms of the provision, a provision mandated by NASD regulation. Second, appellant would not contract to provide services to appellee unless he signed the contract including the nonnegotiable arbitration provision. Third, the arbitration provision, which was not explained to appellant, was located on pages 25 and 26 of the contract, grouped with general information about retirement accounts. Finally, the arbitration provision stated that "the panel of arbitrators will typically include a minority of arbitrators who are affiliated with the securities industries." Appellant equates this notice to a

conclusive indication that the arbitrators will be unfairly biased and prejudiced in favor of appellee: "An individual investor is faced with Caesar deciding Caesar's disputes."

{¶ 12} Whether a contract is unconscionable is a question of law. *Bank One, N.A. v. Borovitz*, 9th Dist. No. 21042, 2002-Ohio-5544, 2002 WL 31312671, at ¶ 12. As a purely legal question, we review the trial court's determination of unconscionability de novo. *Eagle v. Fred Martin Motor Co.*, 157 Ohio App.3d 150, 2004-Ohio-829, 809 N.E.2d 1161, at ¶ 12. A determination of unconscionability is a fact-sensitive question that requires a case-by-case review of the surrounding circumstances. Id. at ¶ 13.

{¶ 13} "An unconscionable contract clause is one in which there is an absence of meaningful choice for the contracting parties, coupled with draconian contract terms unreasonably favorable to the other party." *Eagle*, at ¶ 30. In order to support a finding of unconscionability, a party must offer evidence that a contract is both substantively unconscionable, meaning that it contains unfair or unreasonable terms, and procedurally unconscionable, indicating that no voluntary meeting of the minds was possible. Id. When considering substantive unconscionability, a court should determine whether the terms of the contract are commercially unreasonable. Id. at ¶ 31. Where the "clauses involved are so one-sided as to oppress or unfairly surprise [a] party," an arbitration clause is unconscionable. *Neubrander*, 81 Ohio App.3d at 311–312, 610 N.E.2d 1089. Outrageous contractual terms or a severe imbalance in bargaining power also support a finding of unconscionability. *Orlett v. Suburban Propane* (1989), 54 Ohio App.3d 127, 129, 561 N.E.2d 1066. In determining procedural unconscionability, a court should consider factors concerning the bargaining power of each party, "including age, education, intelligence, business acumen, experience in similar transactions, whether the terms were explained to the weaker party, and who drafted the contract." *Eagle*, at ¶ 31.

{¶ 14} Appellant has offered no evidence tending to support a finding of substantive unconscionability. While the utter lack of bargaining power in regard to the contract coupled with the alleged failure of appellee to point out and explain the arbitration clause to appellant *might* support a finding of procedural unconscionability, the only term that appellant challenges on substantive grounds is the one stating that a minority of the arbitrators may be affiliated with the NASD. Not only has appellant failed to allege that the arbitrator assigned to *his* case will be an NASD arbitrator, but an NASD arbitrator will not necessarily be per se biased in favor of appellee. We will not speculate upon whether any arbitrator who might eventually be assigned to appellant's claim will be biased in favor of appellee. The clause itself is not substantively unconscionable. Instead,

it merely recognizes that perhaps a party should prefer an arbitrator with expertise in the field of securities and retirement accounts—something an NASD arbitrator undoubtedly would have. This simply is not a case of "Caesar deciding Caesar's disputes." We overrule appellants third assignment of error.

{¶ 15} We overrule appellant's assignments of error and affirm the decision of the Wayne County Court of Common Pleas.

Judgment affirmed.

WHITMORE, P.J., and BATCHELDER, J., concur.