OPINION *Page 2 
{¶ 1} Defendants-Appellants Russ Kiko Associates, Inc. (hereinafter "Kiko") and John Slagle appeal the decision of the Canton Municipal Court, Stark County. The relevant facts leading to this appeal are as follows.
 {¶ 2} The late Myers E. Westover was the owner of two real property parcels in Akron, Ohio, located at 897 Clement Street and Lot 89, Huber Street. In February 2006, the Estate of Myers E. Westover entered into a listing contract with Kiko for the purpose of auctioning the Akron parcels. The listing agreement included the following arbitration clause:
 {¶ 3} "In the event a dispute arises concerning this contract and/or the performance of Owner(s) or Kiko (including any Owner, officer, agent or employee of Kiko) arising out of or in any way related to this contract or any of their acts or performance in connection therewith, the dispute shall be submitted to binding arbitration through and pursuant to the rules of the American Arbitration Association or similar arbitration organization. * * *"
 {¶ 4} In March 2006, the Westover Estate entered into a purchase agreement regarding the Clement Street property with Michael S. Wilson, of Emmanuel Homes, LLC. Additionally, in June 2006, the Westover Estate entered into a purchase agreement regarding the Huber Street property, also with Michael S. Wilson, of Emmanuel Homes. The realtor for both of these sales was Appellant John Slagle, an agent for Kiko. These two purchase agreements each contained an arbitration clause nearly identical to the clause in the listing agreement. *Page 3 
 {¶ 5} On April 27, 2007, the Westover Estate filed a complaint for breach of contract and negligence against Emmanuel Homes, Kiko, and ACS Fulton Title Agency, as well as John Slagle (agent for Kiko) and Michael S. Wilson (alleged member and statutory agent of Emmanuel Homes). The complaint sought damages and injunctive relief.
 {¶ 6} On May 10, 2007, appellants filed a motion for stay pending arbitration. However, five days later, the trial court overruled the motion for stay, implicitly dismissed the count seeking injunctive relief, and scheduled the case for trial on June 11, 2007.
 {¶ 7} On May 31, 2007, appellants filed a notice of appeal.[1] They herein raise the following sole Assignment of Error:
 {¶ 8} "I. THE TRIAL COURT'S DENIAL OF STAY PURSUANT TO DEFENDANTS' MOTION TO STAY PENDING ARBITRATION CONSTITUTED AN ABUSE OF DISCRETION."
 I. {¶ 9} In their sole Assignment of Error, appellants maintain the trial court abused its discretion in denying their motion to stay the matter pending arbitration. We agree.
 {¶ 10} Appellants direct us to R.C. 2711.02(B), which reads as follows: "If any action is brought upon any issue referable to arbitration under an agreement in writing for arbitration, the court in which the action is pending, upon being satisfied that the *Page 4 
issue involved in the action is referable to arbitration under an agreement in writing for arbitration, shall on application of one of the parties stay the trial of the action until the arbitration of the issue has been had in accordance with the agreement, provided the applicant for the stay is not in default in proceeding with arbitration."
 {¶ 11} A decision pursuant to R.C. 2711.02 is a final appealable order, even without the language required in Civ.R. 54(B). See, e.g.,Welsh v. Indiana Insurance Co., Stark App. No. 2005-CA-00327,2006-Ohio-6803, ¶ 15 (citations omitted). An appellate court reviews a trial court's stay of proceedings pending arbitration under R.C. 2711.02
under an abuse of discretion standard. Featherstone v. Merrill Lynch,Pierce, Fenner Smith, Inc., 159 Ohio App.3d 30, 29, 2004-Ohio-5953, citing Pinette v. Wynn's Extended Care, Inc., Summit App. No. 21478, 2003-Ohio-4636, ¶ 5.
 {¶ 12} Appellants first contend the trial court merely gave "cursory consideration" to their motion to stay. Appellants' Brief at 7. However, "[a]n appellate court is guided by a presumption of regularity in the proceedings before a trial court." Huffer v. Chafin, Licking App. No. 01 CA 74, 2002-Ohio-356. Appellants herein cite no rule or case law authority mandating findings of fact and conclusions of law upon a 2711.02 ruling. As such, we initially find the trial court's judgment entry was not erroneous on this basis, even though amplification of the court's reasoning would likely have aided appellate review.
 {¶ 13} Appellants secondly contend the only exception to a 2711.02 stay of proceedings is where the evidence supports a finding that an arbitration clause is unconscionable or that the agreement to the arbitration was based on fraud; appellants *Page 5 
assert that no such evidence has been offered in this case, and that a stay was thus mandated.
 {¶ 14} Clearly, Ohio public policy favors enforcement of arbitration provisions. Featherstone, supra, at 31, citing Harrison v. Toyota MotorSales, U.S.A., Inc., Summit App. No. 20815, 2002-Ohio-1642,2002 WL 533478, ¶ 9. "If a court determines that the dispute arguably falls within the arbitration provision, it must stay trial of the proceeding until arbitration is conducted according to the contract."Featherstone, supra, citing R.C. 2711.02(B). In the case sub judice, the Estate's complaint sets forth the existence of the two written purchase agreements containing the arbitration clause, the validity of which has not been significantly challenged at this stage of the proceedings below. The validity of the listing agreement, although not specifically mentioned in the complaint, is likewise unchallenged. Furthermore, the Estate's allegations of breach of contract and negligence appear to fall squarely within the scope of the arbitration provisions. Upon review, therefore, we find merit in appellant's second argument.
 {¶ 15} Accordingly, we hold the trial court abused its discretion and committed reversible error in denying the motion to stay. Appellants' sole Assignment of Error is sustained. *Page 6 
 {¶ 16} For the foregoing reasons, the judgment of the Canton Municipal Court, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
 Wise, J. Hoffman, P. J., and Edwards, J., concur. *Page 7 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Canton Municipal Court, Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs assessed to Appellee.
[1] A separate appeal, stemming from a subsequent trial court order in the same case, is also presently before us. See Stark App. No. 2007CA00177. In that appeal, Michael S. Wilson is the appellant. *Page 1