[Cite as *Newland v. AEC S. Ohio College  L.L.C.*, 2016-Ohio-675.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ANGELA NEWLAND | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. John W. Wise, J. |
| -vs- | : | |
| | : | |
| AEC SOUTHERN OHIO COLLEGE | : | |
| LLC D/B/A BROWN MACKIE | : | |
| COLLEGE NORTH CANTON | : | Case No. 2015CA00145 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 2015CV00759


JUDGMENT:                        Reversed and Remanded


DATE OF JUDGMENT:                February 22, 2016


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

LEE E. PLAKAS                         BRETT KRANTZ
BRANDON O. TRENT                      JUSTINE LARA KONICKI
220 Market Avenue South               One Cleveland Center
8th Floor                             29th Floor
Canton, OH  44702                     1375 East Ninth Street
                                      Cleveland, OH  44114-1793

*Farmer, P.J.*

{¶1}　On October 7, 2011, appellee, Angela Newland, entered into an enrollment agreement with appellant, AEC Southern Ohio College LLC dba Brown Mackie College – North Canton, to participate in its paralegal program.

{¶2}　On April 10, 2015, appellee filed a complaint against appellant, claiming fraudulent and negligent misrepresentation regarding the program's accreditation, fraud, and civil conspiracy. On May 15, 2015, appellant filed a motion to compel arbitration and stay litigation as set forth in the enrollment agreement. Appellee opposed the motion. A hearing was held on June 22, 2015. By judgment entry filed July 7, 2015, the trial court denied the motion, finding the arbitration clause was procedurally and substantively unconscionable and therefore unenforceable.

{¶3}　Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

I

{¶4}　"THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT REFUSED TO ENFORCE THE ARBITRATION PROVISION IN THE AGREEMENT."

II

{¶5}　"THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT CONDUCTED INDEPENDENT DISCOVERY."

I

{¶6}　Appellant claims the trial court erred in finding the arbitration clause in appellee's enrollment agreement was unenforceable because it was both substantially and procedurally unconscionable. We agree.

{¶7} As set forth in *Taylor Building Corporation of America v. Benfield,* 117 Ohio St.3d 352, 2008-Ohio-938, ¶ 2, our standard of review is de novo: "We hold that the proper standard of review of a determination whether an arbitration agreement is enforceable in light of a claim of unconscionability is de novo, but any factual findings of the trial court must be accorded appropriate deference."

{¶8} A review of the transcript of the June 22, 2015 hearing reveals sworn testimony was not taken, nor were any affidavits submitted. The only evidence before the trial court was the enrollment agreement. During a rather one-sided colloquy between the trial court and appellant's attorney, certain concessions were made: 1) appellant drafted the agreement, 2) the parties were not on equal footing in negotiating the agreement, and 3) a scrivener's error in the arbitration clause stated a student could select "one of these organizations as the administrator" when in fact only "JAMS" was listed as the designated arbitration administrator. T. at 10, 16-17, 20.

{¶9} Appellee concedes: 1) she signed the agreement and initialed the page containing the arbitration clause, and 2) the claims asserted in her complaint fall under the arbitration clause if found to be valid. Appellee's Brief at 12; T. at 36.

{¶10} Therefore, our de novo review is limited to these five concessions and the four corners of the enrollment agreement.

{¶11} R.C. Chapter 2711 governs arbitration. R.C. 2711.02(C) states the following:

> Except as provided in division (D) of this section, an order under
>
> division (B) of this section that grants or denies a stay of a trial of any action

pending arbitration, including, but not limited to, an order that is based upon a determination of the court that a party has waived arbitration under the arbitration agreement, is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code.

{¶12} R.C. 2711.01(A) states the following:

A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.

{¶13} "In examining an arbitration clause, a court must bear in mind the strong presumption in favor of arbitrability and resolve all doubts in favor of arbitrability." *Neubrander v. Dean Witter Reynolds, Inc.,* 81 Ohio App.3d 308, 311 (9th Dist.1992).

{¶14} In its judgment entry filed July 7, 2015, the trial court found the arbitration clause was unenforceable because it was both substantially and procedurally unconscionable.

{¶15} In *Taylor Building, supra,* at ¶ 34 and 42, respectively, the Supreme Court of Ohio stated the following on the issue of "unconscionability":

Unconscionability includes both " 'an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.' " *Lake Ridge Academy v. Carney* (1993), 66 Ohio St.3d 376, 383, 613 N.E.2d 183, quoting *Williams v. Walker-Thomas Furniture Co.* (C.A.D.C.1965), 350 F.2d 445, 449; see also *Collins v. Click Camera & Video, Inc.* (1993), 86 Ohio App.3d 826, 834, 621 N.E.2d 1294. The party asserting unconscionability of a contract bears the burden of proving that the agreement is both procedurally and substantively unconscionable. See generally *Ball v. Ohio State Home Servs., Inc.,* 168 Ohio App.3d 622, 2006-Ohio-4464, 861 N.E.2d 553, ¶ 6; see also *Click Camera,* 86 Ohio App.3d at 834, 621 N.E.2d 1294, citing White & Summers, Uniform Commercial Code (1988) 219, Section 4–7 ("One must allege and prove a 'quantum' of both prongs in order to establish that a particular contract is unconscionable").

Similarly, when a party challenges an arbitration provision as unconscionable pursuant to R.C. 2711.01(A), the party must show that the arbitration clause itself is unconscionable. If the court determines that the

arbitration clause is enforceable, claims of unconscionability that relate to the contract generally, rather than the arbitration clause specifically, are properly left to the arbitrator in the first instance.

{¶16} In *Brunke v. Ohio State Home Services, Inc.,* 9th Dist. Lorain No. 08CA009320, 2008-Ohio-5394, our brethren from the Ninth District explained the following:

"Procedural unconscionability concerns the formation of the agreement and occurs when no voluntary meeting of the minds is possible." *Porpora* [*v. Gatliff Building, Co.,* 160 Ohio App.3d 843, 2005-Ohio-2410] at ¶ 7, citing *Bushman v. MFC Drilling, Inc.* (July 19, 1995), 9th Dist. No. 2403-M. "This Court has held that when determining procedural unconscionability, a reviewing court must consider factors bearing directly to the relative bargaining position of the parties." *Ball* [*v. Ohio State Home Services, Inc.,* 168 Ohio App.3d 622, 2006-Ohio-4464] at ¶ 7. Those factors include "age, education, intelligence, business acumen, experience in similar transactions, whether terms were explained to the weaker party, and who drafted the contract." *Featherstone* [*v. Merrill Lynch, Pierce, Fenner Smith, Inc.,* 159 Ohio App.3d 27, 2004-Ohio-5953] at ¶ 13, quoting *Eagle* [*v. Fred Martin Motor Co.,* 157 Ohio App.3d 150, 2004-Ohio-829] at ¶ 31. "Substantive unconscionability encompasses those factors that concern the contract terms themselves[.]" *Eagle* at ¶ 31. "Contractual terms are

substantively unconscionable if they are unfair and commercially unreasonable." *Ball* at ¶ 7, citing *Porpora* at ¶ 8.

{¶17}  The *Taylor Building* court stated at ¶ 44:

"Factors which may contribute to a finding of unconscionability in the bargaining process [i.e., procedural unconscionability] include the following: belief by the stronger party that there is no reasonable probability that the weaker party will fully perform the contract; knowledge of the stronger party that the weaker party will be unable to receive substantial benefits from the contract; knowledge of the stronger party that the weaker party is unable reasonably to protect his interests by reason of physical or mental infirmities, ignorance, illiteracy or inability to understand the language of the agreement, or similar factors."   Restatement of the Law 2d, Contracts (1981), Section 208, Comment *d*.

{¶18}  In its judgment entry filed July 7, 2015, the trial court found the agreement to be an adhesion contract, explained in *Taylor Building, supra,* at ¶ 49, citing Black's Law Dictionary (8th Ed.2004) 342, as: "a standardized form contract prepared by one party, and offered to the weaker party, usually a consumer, who has no realistic choice as to the contract terms."  As noted by Justice Cupp in *Taylor Building* at ¶ 50, not all adhesion contracts are unconscionable per se:

To be sure, an arbitration clause in a consumer contract with some characteristics of an adhesion contract "necessarily engenders more reservations than an arbitration clause in a different setting," such as a collective-bargaining agreement or a commercial contract between two businesses. *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d at 472, 700 N.E.2d 859. However, even a contract of adhesion is not in all instances unconscionable per se. As the Seventh Circuit recently observed in rejecting a claim that an arbitration clause was unconscionable, "few consumer contracts are negotiated one clause at a time." *Carbajal v. H & R Block Tax Servs., Inc.* (C.A.7, 2004), 372 F.3d 903, 906. Indeed, so-called "form contracts" can provide advantages to consumers. "Forms reduce transactions costs and benefit consumers because, in competition, reductions in the cost of doing business show up as lower prices * * *." Id.

{¶19} This observation is undeniably true. If all adhesion contracts were procedurally unconscionable, none of us would be bound by car lease/rental agreements, standard credit card agreements, standard cell phone agreements, or airplane tickets (to mention a few). As consumers, on a daily basis we accept and agree to terms included in agreements in which we are not the drafters, we are not on equal footing, and the agreements are on a "take-it-or-leave-it" basis.

{¶20} As cited above, the case law directs us to look at the arbitration clause and the weaker party's circumstances such as age and experience and the availability of other entities offering the same opportunity. It was conceded at the hearing that appellee was

thirty-five years old and had two years of post-high school education. T. at 10, 34. As for available alternatives to appellant's program, we can state Stark County has four four-year colleges/universities and one technical college, as well as online for-profit schools. Alternatives are not a defining issue.

{¶21} The six-paragraph arbitration clause sub judice includes the following language in part:

> If a student decides to initiate arbitration, the matter will be submitted to JAMS, which will serve as the arbitration administrator pursuant to its rules of procedure. If Brown Mackie College intends to initiate arbitration it will notify the student in writing by regular mail at the student's latest address on file with Brown Mackie College, and the student will have 20 days from the date of the letter to select one of these organizations as the administrator. If the student fails to select an administrator within that 20-day period, Brown Mackie College will select one.

{¶22} The clause provides for either side to initiate arbitration and for appellant (the drafter) to pay filing fees charged by the arbitration administrator, up to $3,500 per claim. It further explains, in capital letters, what a person gives up in agreeing to arbitrate:

> IF EITHER A STUDENT OR BROWN MACKIE COLLEGE CHOOSES ARBITRATION NEITHER PARTY WILL HAVE THE RIGHT TO A JURY TRIAL, TO ENGAGE IN DISCOVERY, EXCEPT AS PROVIDED

IN THE APPLICABLE ARBITRATION RULES, OR OTHERWISE TO LITIGATE THE DISPUTE OR CLAIM IN ANY COURT (OTHER THAN IN SMALL CLAIMS OR SIMILAR COURT, AS SET FORTH IN THE PRECEDING PARAGRAPH, OR IN AN ACTION TO ENFORCE THE ARBITRATOR'S AWARD). FURTHER, A STUDENT WILL NOT HAVE THE RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS PERTAINING TO ANY CLAIM SUBJECT TO ARBITRATION. THE ARBITRATOR'S DECISION WILL BE FINAL AND BINDING. OTHER RIGHTS THAT A STUDENT OR BROWN MACKIE COLLEGE WOULD HAVE IN COURT ALSO MAY NOT BE AVAILABLE IN ARBITRATION.

{¶23} The enrollment agreement as a whole, including the arbitration clause, provides for a six day cancellation period with a refund of all fees paid by the applicant. Right above appellee's signature is the acknowledgment in bold letters: "**My signature below certifies that I have read, understood all aspects of this agreement, and agreed to my rights and responsibilities, and that the College's cancellation and refund policies have been clearly explained to me. It also affirms that I have received an exact copy of this agreement.**"

{¶24} From the four corners of the agreement and the undisputed facts, we find nothing in the record to conclude the arbitration clause was concealed from appellee, she did not have the opportunity to read it, or she "was limited in understanding its impact in any way." *Schaefer v. Jim Brown, Inc.,* 11th Dist. Lake No. 2014-L-073, 2015-Ohio-1994,

¶ 16.  In fact, appellee had six days to read and understand the agreement and could have chosen to cancel it with a full refund of any monies paid.  We find despite the fact that the agreement is an adhesion contract, appellee has not met her burden of establishing that the arbitration clause is procedurally and substantively unconscionable.

{¶25}  Upon review, we find the trial court erred in finding the arbitration clause to be unenforceable.

{¶26}  Assignment of Error I is granted.

II

{¶27}  Based on our decision in Assignment of Error I, we find this assignment of error to be moot.

{¶28} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed, and the matter is remanded to said court for further proceedings consistent with this opinion

By Farmer, P.J.

Gwin, J. and

Wise, J. concur.

SGF/sg 115