NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0014n.06

No. 19-3187

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jan 10, 2020
DEBORAH S. HUNT, Clerk

JARROD MICHAEL MCDONALD,          )
                                  )
    **Plaintiff-Appellant,**          )          **ON APPEAL** FROM THE
                                  )          THE UNITED STATES DISTRICT
v.                                )          COURT FOR THE SOUTHERN
                                  )          DISTRICT OF OHIO
                                  )
HALLIBURTON,                      )          **OPINION**
                                  )
    **Defendant-Appellee.**           )
                                  )

BEFORE: NORRIS, MOORE, and DONALD, Circuit Judges.

**PER CURIAM.** Plaintiff Jarrod Michael McDonald appeals a decision of the district court granting defendant Halliburton Energy Service's motion to compel arbitration. In his pro se complaint, plaintiff alleged that he experienced a hostile work environment while employed by Halliburton. In its motion to compel arbitration, the company argued that both plaintiff's employment application and job offer included a provision that any employment-related disputes would be resolved though Halliburton's dispute resolution program, which subjects unresolved complaints to binding arbitration.

According to the complaint, plaintiff worked for defendant from October 2016 to April 2017. During his employment, plaintiff avers that he experienced same-sex sexual harassment. After Halliburton transferred him to a different work group, plaintiff discussed the harassment with his mentor, who reported their conversation to defendant's human resources department. When interviewed by human resources personnel, plaintiff repeated that he "experienced sexual

harassment by my old crew." Thereafter, he was placed on administrative leave for two months and terminated on April 4, 2017.

Plaintiff filed suit on June 13, 2018. The complaint asserted a single cause of action under Title VII for workplace discrimination. On August 20, 2018, Halliburton moved to compel arbitration. In support of its motion, defendant included the sworn declaration of Becky Applegath, an operations manager in the human resources department. Plaintiff's online application for employment with Halliburton is attached to her declaration. As part of the application, plaintiff agreed to the following provision:

> I agree that any dispute between Halliburton and me arising from or relating to the application process and any employment relationship that might thereafter be formed will be resolved under the Halliburton Dispute Resolution Program ("DRP"). Under the DRP, all employment disputes that are not otherwise resolved by mutual agreement must be arbitrated under the DRP rules. I understand that this agreement is binding on me and Halliburton and that I am waiving any right to a jury trial for such disputes. Under the DRP, [the] arbitrator shall apply the substantive law applicable to the dispute and shall not abridge or enlarge the legal rights, remedies or defenses of the parties. The decision of the arbitrator shall be final and binding on me and the company and may be confirmed in, and judgment upon the award entered by any court of competent jurisdiction. The DRP is herein incorporated by reference. The DRP Plan and Rules are available for review via the link included on this online application.

The subsequent, formal job offer also required agreement to the terms of the DRP:

> Your decision to accept employment constitutes your agreement to resolve all employment related disputes with your employer by arbitration under the Halliburton Dispute Resolution Program. . . Under the DRP, all employment disputes that are not otherwise resolved by mutual agreement must be arbitrated under the DRP rules.

In sum, defendant's motion to compel maintained that plaintiff agreed to submit to the terms of the DRP, which is enforceable under the Federal Arbitration Act, 9 U.S.C. § 2.

Plaintiff filed a pro se response to the motion and maintained that "the agreement is both procedurally unconscionable and substantively unconscionable."

2

The district court granted the motion to compel in a brief opinion and order, which makes the following points:

- Title VII claims are subject to arbitration. *Morrison v. Circuit City Stores, Inc.*, 317 F.3d 646, 665 (6th Cir. 2003) (citing *Willis v. Dean Witter Reynolds, Inc.*, 948 F.2d 305, 309 (6th Cir. 1991)).

- General principles of contract law apply to arbitration. State-law contract defenses, including unconscionability, may invalidate arbitration. *Cooper v. MRM Inv. Co.*, 367 F.3d 493, 498 (6th Cir. 2004).

- The party asserting unconscionability bears the burden of proving the agreement is both procedurally and substantively unconscionable. *Hayes v. Oakridge Home*, 908 N.E.2d 408, 412 (Ohio 2009).

- Substantive unconscionability requires the reviewing court to "determine whether the terms of the contract [arbitration agreement] are commercially unreasonable." *Featherstone v. Merrill Lynch, Fenner & Smith, Inc.*, 822 N.E.2d 841, 846 (Ohio Ct. App. 2004).

The district court concluded that plaintiff's claim failed because he did not show that the DRP was substantively unconscionable. Per the terms of the offer letter, when plaintiff accepted Halliburton's offer of employment he agreed to be bound by the DRP, thus entering into a valid, enforceable arbitration agreement.

Plaintiff has retained counsel on appeal. We undertake review of the underlying record and briefs submitted by counsel de novo. *Morrison*, 317 F.3d at 665. Having done so, we find ourselves in agreement with the conclusions drawn by the district court and agree with the reasoning of its opinion and order dated February 15, 2019.

Newly retained counsel has raised two arguments on appeal in support of plaintiff's unconscionability position that were not raised below: 1) the arbitration agreement was a contract of adhesion and 2) only Halliburton was empowered to terminate or alter the agreement.

"Generally, 'an argument not raised before the district court is [forfeited] on appeal to this Court.'" *Abell v. Sky Bridge Res., LLC*, 715 F. App'x 463, 472 (6th Cir. 2017) (quoting *Hayward*

*v. Cleveland Clinic Found.*, 759 F.3d 601, 615 (6th Cir. 2014)). When deciding whether to apply forfeiture, this court considers the following:

> 1) whether the issue newly raised on appeal is a question of law, or whether it requires or necessitates a determination of facts; 2) whether the proper resolution of the new issue is clear and beyond doubt; 3) whether failure to take up the issue for the first time on appeal will result in a miscarriage of justice or a denial of substantial justice; and 4) the parties' right under our judicial system to have the issues in their suit considered by both a district judge and an appellate court.

*Id.* at 472–73 (quoting *Hayward*, 759 F.3d at 615).

Plaintiff's arguments on appeal have nothing to do with the meaning of "any dispute" in the arbitration clause—which was his only argument in the proceedings below. Neither Halliburton nor the district court previously had the chance to address plaintiff's new arguments, or to conduct the necessary fact-finding. Forfeiture is therefore appropriate here. Plaintiff's new and only arguments accordingly fail.

The district court's order compelling arbitration is **affirmed**.