[Cite as *In re Estate of Ryan v. Brookdale Zanesville*, 2026-Ohio-411.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE ESTATE OF PENELOPE RYAN | Case No. CT2025-0066 |
| Plaintiff - Appellee | Opinion and Judgment Entry |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CA2024-0421 |
| BROOKDALE ZANESVILLE AKA BD ZANESVILLE OPCO, LLC, ET AL., | Judgment: Affirmed |
| Defendants - Appellants | Date of Judgment Entry: February 5, 2026 |

**BEFORE:** Andrew J. King, William B. Hoffman, David M. Gormley, Appellate Judges

**APPEARANCES:** William B. Eadie, Mike J. Callow, Tricia A. Scott, Eadie Law, Nursing Home Injury Lawyers, for Plaintiff-Appellee; Jason P. Ferrante, Marshall Dennehey, P.C., for Defendants-Appellants

OPINION

*Hoffman, J.*

{¶1}    Defendants-appellants Brookdale Zanesville, a.k.a. BD Zanesville OPCO, LLC, et al. ("Brookdale") appeal the June 27, 2025 Journal Entry entered by the Muskingum County Court of Common Pleas, which denied their motion to stay the proceedings and enforce the arbitration agreement.   Plaintiff-appellee is the Estate of Penny A. Ryan ("the Estate").   We affirm the trial court's decision.

STATEMENT OF THE FACTS AND CASE

{¶2}    Brookdale owns and operates a long-term care facility offering assisted living and memory care at 1575 Bowers Lane, Zanesville, Ohio. On December 21, 2023, Penny A. Ryan ("Decedent") executed a Durable Power of Attorney, naming her daughter Kathleen Miracle as her attorney-in-fact. On the same day, Miracle entered into a residency agreement ("the Residency Agreement") with Brookdale on behalf of Decedent.

{¶3}    During her brief residency at Brookdale, Decedent fell at least three times. As a result of her final fall, Decedent had to be hospitalized and subsequently passed away on February 4, 2024.

{¶4}    On December 12, 2024, the Estate filed a complaint asserting various claims including, inter alia, medical negligence/recklessness, wrongful death, and violations of the Ohio Nursing Home Patients' Bill of Rights pursuant to R.C. 3721.13.   On January 13, 2025, Brookfield filed its answer.

{¶5}    On March 21, 2025, Brookdale moved to stay the proceedings and enforce the agreement to arbitrate.   Therein, Brookdale argued the Estate's claims were covered by the Agreement to Arbitrate set forth in Section V of the Residency Agreement ("the

Arbitration Provision") and said provision complied with R.C. 2711.23; therefore, was enforceable. Brookdale further asserted the Arbitration Provision was neither procedurally nor substantively unconscionable.

{¶6} The Estate filed a motion in opposition to Brookdale's motion on April 4, 2025. The Estate countered the Residency Agreement was an adhesion contract and the Arbitration Provision did not comply with R.C. 2711.23. On April 22, 2025, the Estate filed the Affidavit of Kathleen Miracle, n.k.a., Kathleen Bash. Miracle averred the following:

8. I did not know what the term "arbitration" meant before April 16, 2025.

9. I was never explained as to what "arbitration" means by any representative of Brookdale Zanesville.

10. I was not aware before April 16, 2025 that any arbitration agreement was presented for me for my review.

11. I was never informed that I could negotiate any of the terms of my mother's admission to Brookdale.

12. I was never informed that I could, or my mother could, withdraw consent to any agreement with Brookdale.

Affidavit of Kathleen Miracle nka Kathleen Bash at p. 2.

{¶7} The trial court conducted a hearing on Brookdale's motion on June 23, 2025. Neither Attorney William Eadie, counsel for the Estate, nor a representative of the

Estate appeared at the hearing. Sarah Vincenzo, executive director of Brookdale, testified she handles the admission process and service agreements for new residents. Vincenzo described the "very regimented" manner in which she reviews the residential agreement with a new resident or his/her representative. Vincenzo indicated she ensures the new resident or his/her representative understands each section of the agreement before proceeding to the next section. If a new resident or his/her representative does not agree to any portion of the residency agreement, including the arbitration provision, Vincenzo speaks with the operational regional counsel team and amends the subject provision. Vincenzo stated she explained the Arbitration Provision to Miracle and Miracle understood said provision.

{¶8} Via Journal Entry filed June 27, 2025, the trial court denied Brookdale's motion to stay and enforce the arbitration agreement. The trial court found the Arbitration Provision did not comply with R.C. 2711.23.

{¶9} It is from this journal entry Brookdale appeals, raising the following assignment of error:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY NOT STAYING THE ENTIRE MATTER PENDING COMPLETE ARBITRATION OF ALL ARBITRABLE CLAIMS AS REQUIRED BY O.R.C. 2711.

I

{¶10} Generally, we review a trial court's disposition of a motion to stay proceedings pending arbitration under an abuse of discretion standard. *Porpora v. Gatliff Bldg. Co.*, 2005-Ohio-2410, ¶ 5 (9th Dist.). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). However, a de novo standard of review is appropriate when the appeal presents a question of law. (Citations omitted.) *Zellner v. Prestige Gardens Rehab. & Nursing Ctr.*, 2019-Ohio-595, ¶ 8 (3d Dist.).

{¶11} Both the Ohio General Assembly and Ohio courts have expressed a strong public policy favoring arbitration. R.C. Chapter 2711; *Taylor Bldg. Corp. of Am. v. Benfield*, 2008-Ohio-938, ¶ 27. "In light of the strong presumption favoring arbitration, all doubts should be resolved in its favor." (Citation omitted.) *Hayes v. Oakridge Home*, 2009-Ohio-2054, ¶ 15. "[A]n arbitration agreement is enforceable unless grounds exist at law or in equity for revoking the agreement." *Id.* at ¶ 19, citing R.C. 2711.01(A).

{¶12} "Unconscionability is a ground for revocation of an arbitration agreement." (Citation omitted.) *Id*. at ¶ 19. "Unconscionability includes both 'an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party.'" (Citation omitted.) *Id*. at ¶ 20. "The party asserting unconscionability of a contract bears the burden of proving that the agreement is both procedurally and substantively unconscionable." *Id*. The unconscionability of a contract and its provisions is purely a question of law. *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2004-Ohio-5953, ¶ 12 (9th Dist.); *Eagle v. Fred Martin Motor*

*Co.*, 2004-Ohio-829, ¶ 13 (9th Dist.). Therefore, as noted supra, we review the trial court's determination of unconscionability de novo. *Featherstone* at ¶ 12, citing *Eagle* at ¶ 13. Additionally, "[a] determination of unconscionability is a fact-sensitive question that requires a case-by-case review of the surrounding circumstances." *Featherstone* at ¶ 12, citing *Eagle* at ¶ 13.

{¶13} "Procedural unconscionability concerns the formation of the agreement and occurs when no voluntary meeting of the minds is possible." *Porpora v. Gatliff Bldg. Co.*, 2005-Ohio-2410, ¶ 7 (9th Dist.). "In determining whether an arbitration agreement is procedurally unconscionable, courts consider the circumstances surrounding the contracting parties' bargaining, such as the parties' age, education, intelligence, business acumen and experience, * * * who drafted the contract, * * * whether alterations in the printed terms were possible, [and] whether there were alternative sources of supply for the goods in question." (Internal citations omitted.) *Hayes* at ¶ 23, citing *Taylor Bldg.*, 2008-Ohio-938, at ¶ 44, quoting *Collins v. Click Camera*, 86 Ohio App.3d 826, 834 (2d Dist.), quoting *Johnson v. Mobil Oil Corp.*, 415 F.Supp. 264, 268 (E.D. Mich. 1976).

{¶14} The *Hayes* Court continued:

Additional factors that may contribute to a finding of procedural unconscionability include the following: belief by the stronger party that there is no reasonable probability that the weaker party will fully perform the contract; knowledge of the stronger party that the weaker party will be unable to receive substantial benefits from the contract; knowledge of the stronger party that the weaker party is unable reasonably to protect his

interests by reason of physical or mental infirmities, ignorance, illiteracy or inability to understand the language of the agreement, or similar factors.

**{¶15}** *Id.* at ¶ 24, quoting *Taylor Bldg. Corp. of Am. v. Benfield*, 2008-Ohio-938, ¶ 44, quoting Restatement of the Law 2d, Contracts, Section 208, Comment d (1981). "All of the factors must be examined and weighed in their totality in determining whether an arbitration agreement is procedurally unconscionable." *Hayes* at ¶ 30. "*These findings must be considered in tandem with the analysis on substantive unconscionability*." (Emphasis added.) *Id*.

**{¶16}** A review of the *Hayes* decision is instructive in analyzing whether the Arbitration Provision is procedurally unconscionable. Florence Hayes, then 95-years old, was admitted to Oakridge on May 31, 2005. *Id*. at ¶ 3. Upon her admission, Hayes signed an arbitration agreement whereby she agreed to submit any future malpractice claims against Oakridge to arbitration and to waive her right to trial and her right to recover punitive damages and attorney fees. *Id*.

**{¶17}** Hayes filed an action against Oakridge after sustaining injuries as the result of a fall during her residency at Oakridge. *Id*. at ¶ 11. Oakridge filed a motion to stay the proceedings pending arbitration, which the trial court granted. *Id*. Hayes appealed the decision to the Eighth District Court of Appeals, which ruled the arbitration agreement was both procedurally and substantively unconscionable. (Citation omitted.) *Id*. at ¶ 13. The Eighth District found the arbitration agreement was substantively unconscionable as it took away Hayes's rights to attorney fees, punitive damages, and a jury trial. (Citation omitted.). *Id*. The Eighth District further found the arbitration agreement was procedurally

unconscionable because Hayes was 95 years old with no business or contract experience; Oakridge had all the bargaining power; no one had explained the terms to Hayes, and Hayes had no alternative because of the difficulty in finding a quality nursing home. (Citation omitted.) *Id*.

{¶18} Oakridge appealed to the Ohio Supreme Court, which accepted jurisdiction to address two issues: "(1) whether a nursing-home resident's age can render an arbitration agreement executed by the resident procedurally unconscionable and (2) whether an arbitration agreement that waives a nursing-home resident's right to trial and to recover punitive damages and attorney fees is substantively unconscionable." (Citation omitted). *Id*. at ¶ 14. The *Hayes* Court answered both questions in the negative. *Id*.

{¶19} The *Hayes* Court detailed specific features of the arbitration agreement which it found relevant to its analysis. The arbitration agreement set forth, in boldface capital letters at the top of the document, the agreement was voluntary. *Id*. at ¶ 4. In capital letters just below the heading, the agreement instructed the resident to "please read carefully." *Id*. Section I of the agreement, which explained the benefits and drawbacks of the arbitration process, likewise, reiterated the arbitration agreement was optional. *Id*. Section III repeated, "execution of this Arbitration Agreement is voluntary," and stated execution of such was "not a precondition to receiving medical treatment at or for admission to the Facility." *Id*. Further, immediately above the signature lines, in boldface capital letters, the agreement once again emphasized the voluntariness of the parties' consent. *Id*.

{¶20} In determining the arbitration agreement was not procedurally unconscionable, the *Hayes* Court emphasized the fact the agreement clearly delineated,

in several places, it was voluntary and not a condition of Hayes' admission to Oakridge. *Id*. at ¶ 28. "Further, by signing the agreement, Hayes acknowledged that she understood its terms, that an agent of Oakridge explained those terms to her, and that she had the opportunity to ask questions and consult with an attorney before signing." *Id*. "Moreover, the arbitration agreement was a free-standing document and was not simply a clause obscured within a lengthy contract." *Id*.

**{¶21}** We find the features of the Arbitration Provision herein distinguishable from the arbitration agreement in *Hayes*. Significantly, unlike *Hayes*, the Arbitration Provision was not a separate, stand-alone document. The Arbitration Provision begins on page 10 of the 18-page Residency Agreement. Other than capital letters designating the section and subsections, the Arbitration Provision does not stand out from the other sections and subsections of the Residency Agreement. In addition, neither the Residency Agreement nor the Arbitration Provision informed Miracle the arbitration provision was voluntary and was not a precondition to Decedent's admission to Brookdale. In fact, the Arbitration Provision expressly provides:

> You and/or your legal representative understand that other long term care companies' Agreements may not contain an arbitration provision. The parties agree that the reasons stated above are proper consideration for the acceptance of the Arbitration Provision. **The undersigned acknowledges that he or she has been encouraged to discuss this Agreement with an attorney.**

> (Emphasis in original.) Brookdale Residency Agreement at p. 13.

**{¶22}** Sarah Vincenzo, the executive director at Brookdale, testified a "resident does not admit until after the [Residency Agreement] is signed and all parties *agree to all* of the different sections and categories." (Emphasis added.) Transcript of June 23, 2025 Hearing on Arbitration at p. 15. This testimony suggests a resident or resident's representative's agreement to all of the terms in the residency agreement was a precondition of admission. Further, Vincenzo did not testify she advised Miracle the Arbitration Provision was voluntary or the terms could be amended.

**{¶23}** We find the averments contained in Miracle's affidavit support the trial court's finding of procedural unconscionability and its conclusion was not an abuse of discretion. In her affidavit, Miracle noted she did not understand the meaning of the term "arbitration" until April 16, 2025. Miracle indicated no one at Brookdale explained the term to her and she was unaware an arbitration agreement had been presented to her during the admission process. Miracle further averred she was not informed the terms of the Residency Agreement could be negotiated or she or Decedent could withdraw consent to the Residency Agreement or any part thereof.

**{¶24}** Further, although Brookdale submits Decedent had the right to withdraw her consent to arbitrate, neither the Residency Agreement nor the Arbitration Provision includes language to this effect. Pursuant to Section IV, subsection A of the Residency Agreement, a resident "may terminate this [Residency] Agreement upon thirty (30) days written notice to us." Brookdale Residency Agreement at p. 9. Subsection A advises, "[t]ermination occurs on the later of the end of the notice period or upon the removal of all of your personal belongings. *Id*. We find this termination language refers to a termination

of the Residency Agreement as a whole, not specifically to the termination of individual provisions.

**{¶25}** Based upon the foregoing, we find the Arbitration Provision was procedurally unconscionable.

**{¶26}** As stated, supra, "[t]he party asserting unconscionability of a contract bears the burden of proving that the agreement is *both* procedurally and substantively unconscionable." (Emphasis added.) *Hayes* at ¶ 20.

**{¶27}** "Substantive unconscionability refers to the actual terms of the agreement." *Porpora*, 2005-Ohio-2410, at ¶ 8. "Contract terms are unconscionable if they are unfair and commercially unreasonable." *Id*., citing *Bank One, N.A. v. Borovitz*, 2002-Ohio-5544, ¶ 16 (9th Dist.). "Factors courts have considered in evaluating whether a contract is substantively unconscionable include the fairness of the terms, the charge for the service rendered, the standard in the industry, and the ability to accurately predict the extent of future liability." (Citations omitted.) *Hayes* at ¶ 33. "No bright-line set of factors for determining substantive unconscionability has been adopted by [the Ohio Supreme Court]." *Id*. Rather, "[t]he factors to be considered vary with the content of the agreement at issue." *Id.*

**{¶28}** The Arbitration Provision at issue herein begins at page 10 of the 18-page Residency Agreement and provides:

> A. ARBITRATION PROCEEDINGS.
>
> 1. Any and all claims or controversies arising out of, or in **any** way relating to, this Agreement or any of your stays at the Community * * *

including disputes regarding interpretation, scope, enforceability, unconscionability, waiver, preemption and/or violability of this agreement, whether arising out of local, state, or federal law, whether existing or arising in the future, whether statutory, compensatory or punitive damages and whether sounding in breach of contract, tort or reach of statutory duties, or otherwise, irrespective of the basis for the duty or the legal theories upon which the claim is asserted, shall be submitted to binding individual arbitration, as provided below, and shall not be filed in a court of law.  **The parties to this Agreement further understand that a judge and/or jury will not decide their case.**

2**.** The parties hereby expressly agree that this Arbitration Provision, the Residency Agreement and the Resident's stays at the Community substantially involve interstate commerce, and stipulate that the Federal Arbitration Act ("FAA") shall exclusively apply * * *

3**. You and the Company agree that each of us may bring claims against the other only on an individual basis and not as a named or putative class member in any purported class or representation action or proceedings**. * * *

4. A demand for arbitration by you, your legal representative, a person or organization acting on your behalf with your consent, or the personal representative of your estate * * * shall be made in writing * * *

5. The arbitration proceedings, including the hearing, shall take place in the county in which the Community is located * * *

6. The arbitration panel shall be composed of one (1) arbitrator. * * * the parties shall agree upon an arbitrator that must be a member of the Ohio Bar with at least ten (10) years of experience as an attorney. * * *

7. The arbitrator shall be independent of all parties, witnesses, and legal counsel. * * *

8. The arbitrator shall designate a time and place within the county in which the Community is located, for the arbitration hearing and shall provide thirty (30) days' notice to the parties of the arbitration hearing.

9. The arbitrator shall apply the Ohio Rules of Evidence and Ohio Rules of Civil Procedure in the arbitration proceeding * * *

10. The arbitration decision should be signed by the arbitrator and delivered to the parties and their counsel within thirty (30) days following the conclusion of the arbitration. * * *

11. The arbitrator's decision shall be final and binding * * *

12. The arbitrator's fees and costs. . . shall be divided equally among the parties * * *

13. * * * the arbitration proceeding shall remain confidential in all respects * * *

14. This Arbitration Provision binds third parties not signatories to this Arbitration Provision * * * Any claims or grievances against the Company or the Company's corporate parent, subsidiaries, affiliates, employees, officers or directors shall also be subject to and resolved in according with this Arbitration Provision.

15. * * * the terms of this Arbitration Provision are severable * * *

16. The Arbitration Provision shall survive your death.

B. BENEFITS OF ARBITRATION. The parties' decision to select arbitration is supported by the potential cost-effectiveness and time-savings offered by selecting arbitration, which may avoid the expense and delay of judicial resolution in the court system. * * * With this Agreement, we are better able to offer our services and accommodations at a rate that is more affordable to you.  In terms of the potential time-savings offered by selecting arbitration, the parties recognize that selecting a quick method of resolution is potentially to a resident's advantage.

You and/or your legal representative understand that other long term care companies' Agreements may not contain an arbitration provision.  The parties agree that the reasons stated above are proper consideration for the acceptance of the Arbitration Provision.  **The undersigned acknowledges that he or she has been encouraged to discuss this Agreement with an attorney.**

**The parties to this Agreement further understand that a judge and/or a jury will not decide their case.**

(Emphasis in original.) Brookdale Residency Agreement at pp. 10-13.

**{¶29}** The Estate asserts the Arbitration Provision was substantially unconscionable because it failed to comply with R.C. 2711.23, which provides, in relevant part:[1]

> To be valid and enforceable any arbitration agreements pursuant to sections 2711.01 and 2711.22 of the Revised Code for controversies involving a medical, dental, chiropractic, or optometric claim that is entered into prior to a patient receiving any care, diagnosis, or treatment *shall include or be subject to* the following conditions:
>
> (A) The agreement shall provide that the care, diagnosis, or treatment will be provided whether or not the patient signs the agreement to arbitrate;
>
> (B) The agreement shall provide that the patient, or the patient's spouse, or the personal representative of the patient's estate in the event of the patient's death or incapacity, shall have a right to withdraw the patient's consent to arbitrate the patient's claim * * *;
>
> (C) The agreement shall provide that the decision whether or not to sign the agreement is solely a matter for the patient's determination without any influence;
>
> * * *

---

[1] Courts have addressed R.C. 2711.23 in the context of arbitration agreements between nursing homes and residents. See, *Martin v. ManorCare Health Servs., LLC*, 2024-Ohio-2250 (9th Dist.); *Zellner v. Prestige Gardens Rehab. & Nursing Ctr.*, 2019-Ohio-595 (3d Dist.)

(F) Any arbitration panel shall consist of three persons, no more than one of whom shall be a physician or the representative of a hospital;

(G) The arbitration agreement shall be separate from any other agreement, consent, or document;

* * *

(I) Filing of a medical, dental, chiropractic, or optometric claim within the thirty days provided for withdrawal of a patient from the arbitration agreement shall be deemed a withdrawal from the agreement;

(J) The agreement shall contain a separately stated notice that clearly informs the patient of the patient's rights under division (B) of this section.

(Emphasis added.) R.C. 2711.23.

{¶30} We agree with the Estate the Arbitration Provision does not comply with R.C. 2711.23(A), (B), (C), (F), (G), (I), and (J). Specifically, the Arbitration Provision failed to advise Miracle 1) Decedent's care, diagnosis, or treatment would "be provided whether or not [she] sign[ed] the agreement to arbitrate" (R.C. 2711.23(A)); 2) Miracle or Decedent had "a right to withdraw the patient's consent to arbitrate the patient's claim" (R.C. 2711.23(B)); 3) "the decision whether or not to sign the agreement [was] solely a matter for the patient's determination without any influence" (R.C. 2711.23(C)); and 4) the arbitration panel would "consist of three persons, no more than one of whom shall be a physician or the representative of a hospital (R.C. 2711.23(F)). Further, the Arbitration Provision was not a separate agreement or document (R.C. 2711.23(G)).  In addition, the

Arbitration Provision did not advise the filing of a medical "claim within the thirty days provided for withdrawal of a patient from the arbitration agreement would be deemed a withdrawal from the agreement (R.C. 2711.23(I)). Finally, the Arbitration Provision did not include a separately stated notice informing Decedent of her patient rights (R.C. 2711.23(J).

**{¶31}** We find the failure to satisfy the requirements of R.C. 2711.23 renders the Arbitration Provision substantively unconscionable.

**{¶32}** Brookdale contends "R.C. 2711.23 does not require bright line compliance within the language of the agreement." Brief of Appellant at p. 11. Brookdale suggests the first sentence of R.C. 2711.23, "[t]o be valid and enforceable any arbitration agreements * * * shall include or be subject to the following conditions" permits a variation of the enumerated factors depending upon the arbitration agreement at issue. We disagree.

**{¶33}** "A basic rule of statutory construction is that 'shall' is 'construed as mandatory unless there appears a clear and unequivocal legislative intent' otherwise." *Bergman v. Monarch Constr. Co.*, 2010-Ohio-622, ¶ 16, citing *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St. 2d 102, para. 1 of syllabus (1971). The word "include" means "to contain between or within." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/include (accessed Jan. 15, 2026). The phrase "subject to" is defined as "conditional or dependent on something." The Law Dictionary, https://thelawdictionary.org/subject-to/ (accessed Jan. 15, 2026).

**{¶34}** We construe the first sentence of R.C. 2711.23 to mean an arbitration agreement must contain or be conditioned upon each requirement set forth in R.C.

2711.23(A)-(J).  Our construction is further supported by the use of the word "shall" in each of the subsections.

**{¶35}** Brookdale further argues the trial court did not make a finding as to procedural unconscionability in its June 27, 2025 Journal Entry and relied solely upon a determination the Arbitration Provision did not comply with R.C. 2711.23 as grounds for denying its motion to stay.  We note Brookdale did not request findings of fact and conclusions of law. When a party fails to request findings of fact and conclusions of law, the reviewing court must presume the trial court applied the law correctly. *Law Office of Mona J. Fine v. French*, 2018-Ohio-2256, ¶ 15 (5th Dist.).

**{¶36}** Accordingly, because the Estate proved a quantum of both procedural and substantive unconscionability, we find the Arbitration Provision is not enforceable and the trial court did not err or abuse its discretion in denying Brookdale's motion to stay and enforce the arbitration agreement.

**{¶37}** The judgment of the Muskingum County Court of Common Pleas is affirmed. Costs to Appellants.


By: Hoffman, J.

King, P.J. concurs

Gormley, J. concurs separately

*Gormley, J., concurring in part and concurring in the judgment*

**{¶38}** I concur in paragraphs 1-11, 32-34, and 37 of today's opinion. There, the court makes the point that the nursing-home defendants in this case violated at least one of the requirements spelled out in R.C. 2711.23, which bars the enforcement of certain arbitration agreements that do not comport with that law's requirements. See R.C. 2711.23 ("To be valid and enforceable," an arbitration agreement addressing a patient's disputes tied to a medical claim "shall include or be subject to" certain conditions).

**{¶39}** At the very least, the arbitration agreement in question cannot be squared with division (G) of that statute, which calls for medical-claim arbitration agreements to "be separate from any other agreement, consent, or document." The agreement at issue in this case appears on four pages in the middle of an 18-page patient-admission form that addresses not only arbitration but also a variety of other unrelated subjects such as room modifications, electric scooters, late fees, visits from guests, and parking.

**{¶40}** That failure to comply with the statute provides us, in my view, with a sufficient basis for concluding that this arbitration agreement is unenforceable, and I therefore agree with today's judgment affirming the trial court's decision to deny the defendants' request that the plaintiff's lawsuit be stayed until the completion of arbitration.

**{¶41}** Seeing no need to address whether the arbitration agreement is either procedurally or substantively unconscionable, I would not reach those questions in this case, and I express no opinion about them today.