[Cite as *Varga v. Drees Co.*, 2014-Ohio-643.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

PAUL VARGA, et al.

    Appellees

    v.

THE DREES COMPANY

    Appellant

C.A. No.      13CA010385

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    12CV178725

DECISION AND JOURNAL ENTRY

Dated: February 24, 2014

---

CARR, Judge.

{¶1}    Appellant, The Drees Co., appeals the judgment of the Lorain County Court of Common Pleas denying its motion to stay pending arbitration. This Court reverses and remands.

I.

{¶2}    In 2010, Paul and Rebecca Varga entered into a contract with The Drees Co., d/b/a Drees Homes, for the construction of a new residence in Avon, Ohio. On December 7, 2012, the Vargas filed a complaint against Drees alleging negligence, breach of implied warranty of suitability, breach of contract, and failure to comply with local building codes. On January 22, 2013, Drees filed both an answer to the complaint, and a motion to stay pending arbitration. The Vargas filed a brief in opposition to the motion, and Drees replied thereto. Subsequently, the trial court issued a journal entry summarily denying the motion for a stay.

{¶3}    Drees filed a timely notice of appeal. On appeal, Drees raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED IN REFUSING TO GRANT APPELLANT'S MOTION TO STAY PENDING ARBITRATION.

**{¶4}** In its assignment of error, Drees argues that the trial court erred in denying its motion for a stay pending arbitration. This Court agrees.

**{¶5}** In support of its assignment of error, Drees argues that because all of the Vargas' claims arise directly from the construction agreement, they fall within the arbitration agreement set forth in the parties' agreement. In response, the Vargas assert that the trial court properly denied the motion to stay because its claims for negligence, breach of implied warranty of suitability, and failure to comply with local building codes did not arise out of the parties' agreement, and that those claims could be maintained separately from the agreement.

**{¶6}** The question of whether an arbitration provision is applicable presents a matter of contract interpretation. Thus, "[t]he arbitrability of a claim is a question of law, and we review the arbitrability of a claim de novo." *Murray v. David Moore Builders, Inc.*, 177 Ohio App.3d 62, 2008-Ohio-2960, ¶ 7 (9th Dist.), quoting *McManus v. Eicher*, 2d Dist. Greene No. 2003-CA-30, 2003-Ohio-6669, ¶ 11.

**{¶7}** R.C. 2711.01(A) states:

A provision in any written contract * * * to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.

{¶8} "As a matter of public policy, Ohio law strongly favors arbitration as a means to settle disputes." *Bozich v. Kozusko*, 9th Dist. Lorain No. 09CA009604, 2009-Ohio-6908, ¶ 8, citing *Schaefer v. Allstate Ins. Co.*, 63 Ohio St.3d 708, 711-712 (1992). Where the parties to a contract have agreed to an arbitration clause, courts generally view that clause as the parties' agreement to settle any contractual disputes that fall within the scope of the clause by arbitration, as opposed to litigation. *Williams v. Aetna Fin. Co.*, 83 Ohio St.3d 464, 471 (1998). Consequently, "unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute[,]" the trial court should stay the proceedings. *Neubrander v. Dean Witter Reynolds, Inc.*, 81 Ohio App.3d 308, 311 (9th Dist.1992). In determining whether a dispute falls within an arbitration provision, "[d]oubts should be resolved in favor of coverage." *Academy of Medicine of Cincinnati v. Aetna Health, Inc.*, 108 Ohio St.3d 185, 2006-Ohio-657, ¶ 14. Accordingly, if a dispute even arguably falls within the arbitration provision, the trial court must stay proceedings until the arbitration has been completed. *Featherstone v. Merrill Lynch, Pierce, Fenner Smith, Inc.*, 9th Dist. Wayne No. 04CA0037, 2004-Ohio-5953, ¶ 5.

{¶9} When a court is called to determine whether a dispute falls within an arbitration provision, it must "ask if an action could be maintained without reference to the contract or relationship at issue." *Academy of Medicine of Cincinnati*, at ¶ 24. However, "[a]rbitration is not limited to claims alleging a breach of contract, and creative pleading of claims as something other than contractual cannot overcome a broad arbitration provision." *Id*. at ¶ 19.

{¶10} Drees attached a portion of the construction and purchase agreement to the motion to stay pending arbitration. Paragraph 18 of the agreement reads as follows:

> 18. <u>Arbitration and Disputes</u>. * * * Any controversy, claim or other matter arising out of or relating to this agreement, or breach thereof, shall be resolved in

accordance with the residential construction arbitration rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof. The parties agree that the seller shall have the right to add its subcontractors and/or suppliers as parties to the arbitration. The parties further agree that the arbitration hearing shall be conducted either at the subject residence or the offices of the arbitrator, as determined by the arbitrator. The seller shall have the right, but not the obligation, to enter the residence at reasonable times prior to the arbitration hearing for purposes of conducting inspections and tests of the residence. Notwithstanding the above, arbitration shall not be required in connection with any controversy or claim in which the dollar amount in dispute does not exceed the jurisdictional limit of any small claims court having jurisdiction over the parties. In such event, either party shall have the right to resolve such controversy or claim by filing an action in such small claims court. Claims in excess of such jurisdictional limit shall be subject to arbitration as provided in this Paragraph 18. All such controversies, claims or other matters regarding construction shall be resolved (whether through arbitration or small claims court) in accordance with the Drees Company's Limited Warranty Booklet which establishes the standard by which the seller's performance in connection with construction matters shall be governed. * * *.

{¶11} The Supreme Court of Ohio has recognized that "[a]n arbitration clause that contains the phrase 'any claim or controversy arising out of or relating to the agreement' is considered 'the paradigm of a broad clause.'" *Academy of Medicine of Cincinnati*, at ¶ 18, quoting *Collins & Aikman Prods. Co. v. Bldg. Sys. Inc.*, 58 F.3d 16, 20 (2d Cir.1995). Here, the arbitration provision must be considered a broad clause as it aims to cover any dispute arising from the parties' business relationship and does not contain language which limits its scope, other than the small claims stipulation which is not at issue in this case.

{¶12} A review of the complaint reveals that all of the Vargas' claims stemmed from their central allegation that they retained Drees to build a home, and that Drees failed to properly install the sidewalk and driveway pursuant to their agreement. As noted above, "unless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute[,]" the trial court should stay the proceedings. *Neubrander*, 81 Ohio App.3d at 311. While the Vargas did, in fact, couch certain claims in

terms of negligence, breach of implied warrant of suitability, and failure to comply with local building codes, all of these claims stemmed from Drees' performance of a contractual obligation, namely the construction of the Vargas' home. Thus, as all of the Vargas' claims are "arising out of or relating to" the construction agreement, they fall within the scope of the broad arbitration provision contained in their agreement. It follows that the trial court erred in denying Drees' motion for a stay pending arbitration.

{¶13} The assignment of error is sustained.

### III.

{¶14} The Drees Co.'s assignment of error is sustained. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

VICTORIA D. BARTO, Attorney at Law, for Appellant.

JOHN H. WEST, Attorney at Law, for Appellees.