**[Cite as *L & M Hospitality, L.L.C. v. Lavani*, 2021-Ohio-3727.]**

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| L & M HOSPITALITY LLC, et al. | C.A. No.     29861 |
| Appellees | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RAM A. LAVANI | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CV 2020-07-2013 |

DECISION AND JOURNAL ENTRY

Dated: October 20, 2021

CARR, Presiding Judge.

{¶1}   Appellant, Ram Lavani, appeals the judgment of the Summit County Court of Common Pleas denying his motion to stay pending arbitration.  This Court reverses and remands.

I.

{¶2}   Until September 2018, Lavani served as the managing member and day-to-day operator of L&M Hospitality LLC ("L&M") and OM Harikruschn LLC ("OM").  L&M and OM are sister companies that operate hotels in Summit County.   On July 16, 2020, L&M, OM, and several individually named plaintiffs filed a lawsuit against Lavani alleging claims of breach of fiduciary duty, breach of contract, negligence, conversion, and enrichment.  The individually named plaintiffs own 78 percent of L&M and OM while Lavani owns the remaining 22 percent. The central allegation in the complaint was that Lavani improperly used business funds and assets for personal use during his time as the managing member of L&M and OM.

{¶3} Lavani filed a motion to dismiss or stay the proceedings pending arbitration. L&M filed a brief in opposition to the motion. The trial court issued a journal entry denying Lavani's motion on the basis that the arbitration provision had been removed from the parties' operating agreement.

{¶4} Lavani filed a timely notice of appeal and raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE LOWER COURT ERRED AS A MATTER OF LAW WHEN IT FOUND THAT "* * * ALTHOUGH THE ACTS THAT ARE SUBJECT TO THE COMPLAINT OCCURRED WHEN THERE WAS AN ARBITRATION PROVISION IN THE * * *" OPERATING AGREEMENT, A PLAIN READING OF THE OPERATING AGREEMENT, AS AMENDED ON FEBRUARY 21, 2020[,] REVEALED NO CURRENT AGREEMENT TO ARBITRATE DISPUTES. THIS APPLICATION EFFECTIVELY MADE THE REMOVAL OF THE ARBITRATION PROVISION RETROACTIVE WHEN THE[ ]AMENDMENT STATES THAT "OPERATING AGREEMENT REMAINED IN FULL FORCE AND EFFECT FROM AND AFTER THE DATE HEREOF EXCEPT AS SPECIFICALLY AMENDED HEREBY."

{¶5} Lavani argues that the trial court erroneously concluded that the February 21, 2020 amendment to the parties' operating agreement made the removal of the arbitration provision retroactive. Lavani maintains that because the arbitration provision was in place at the time that the conduct that gave rise to this action occurred, the trial court erred by denying the motion to stay pending arbitration.

{¶6} The question of whether an arbitration provision is applicable presents a matter of contract interpretation and thus necessitates a de novo review. *Varga v. Drees Co.*, 9th Dist. Lorain No. 13CA010385, 2014-Ohio-643, ¶ 6.

{¶7} R.C. 2711.01(A) states as follows:

A provision in any written contract[] * * * to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the

whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract.

{¶8} R.C. 2711.02(B) requires the trial court to stay an action where, upon motion of one of the parties, the trial court is satisfied that the issues involved in the action are referable to arbitration under the parties' written agreement.

{¶9} "Ohio public policy favors enforcement of arbitration provisions." *Featherstone v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 159 Ohio App.3d 27, 2004-Ohio-5953, ¶ 5 (9th Dist.), citing *Harrison v. Toyota Motor Sales, U.S.A., Inc.*, 9th Dist. Summit No. 20815, 2002-Ohio-1642, ¶ 9. "[U]nless it may be said with positive assurance that the subject arbitration clause is not susceptible to an interpretation that covers the asserted dispute[,]" the trial court should grant a motion to stay proceedings. *Neubrander v. Dean Witter Reynolds, Inc.*, 81 Ohio App.3d 308, 311 (9th Dist.1992). "If a court determines that the dispute arguably falls within the arbitration provision, it must stay trial of the proceeding until arbitration is conducted according to the contract." *Featherstone* at ¶ 5, citing R.C. 2711.02(B).

{¶10} In this case, the operating agreements for L&M and OM were attached to the complaint. The agreements were originally adopted in 2014 and contained nearly identical language. Both operating agreements contained provisions addressing arbitration, which stated:

**Article 15 Arbitration**

Any dispute arising out of, relating to this Agreement, a breach hereof or the operation of the business of the Company, shall be settled by arbitration in Summit County, Ohio, in accordance with the rules of the American Arbitration Association then existing, provided that discovery, as provided for under the Ohio Rules of Civil Procedure, shall be available to all parties to the arbitration. This Agreement to arbitrate shall be specifically enforceable and the arbitration award

of the Arbitrator/s shall be final and judgment may be entered upon it in any court having jurisdiction over the subject matter of the dispute.

(Emphasis sic.)

{¶11} The operating agreements were initially amended on September 27, 2018, to reflect that Lavani was no longer serving as the managing member. On February 21, 2020, the operating agreements were amended on a second occasion as follows:

8. Termination of Arbitration Provision. Article 15. of the Operating Agreement is hereby removed in its entirety.

9. Continued Effect. The Operating Agreement shall continue in full force and effect from and after the date hereof except as specifically amended hereby.

While the second amendment to the operating agreements was duly approved by members who controlled at least 75 percent of L&M and OM, in accordance with Article 4.2 of the operating agreements, Lavani voted against the amendment.

{¶12} L&M and OM filed the complaint in this matter several months after the second amendment to the operating agreements was approved. Lavani promptly moved to stay the case pending arbitration, arguing that all of the conduct at issue occurred while the arbitration provision was still in effect. In denying Lavani's motion, the trial court concluded that there was "no current agreement to arbitrate disputes due to the February 21, 2020 amendment removing Article 15 from each [operating agreement.]"

{¶13} Under these circumstances, the trial court erred by denying the motion to stay pending arbitration. As noted above, arbitration is favored as a matter of public policy and any doubts relating to arbitrability should be resolved in favor of arbitration. *See Kline v. Oak Ridge Builders Inc.*, 102 Ohio App.3d 63, 65-66 (9th Dist.1995). R.C. 2711.01(A) provides that, "* * * any agreement in writing between two or more persons to submit to arbitration any controversy existing between them *at the time of the agreement to submit, or arising after the agreement to*

*submit*[] * * * shall be valid, irrevocable, and enforceable[.]" (Emphasis added.) Here, the causes of action set forth in the complaint, which included claims for breach of fiduciary duty and breach of contract, arose during the timeframe when Lavani was serving as managing member and day-to-day operator of L&M and OM. There is no dispute that the arbitration provision was in place when the alleged conduct occurred which gave rise to those claims. While the operating agreements were subsequently amended to remove the arbitration provision, there is no language indicating that the second amendment to the operating agreements was intended to apply retroactively to the period of time when Lavani was serving as managing member and day-to-day operator. Accordingly, the trial court erred in concluding that this matter was not subject to arbitration.

{¶14} Lavani's assignment of error is sustained.

### III.

{¶15} Lavani's assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
DONNA J. CARR
FOR THE COURT

CALLAHAN, J.
CONCURS.

TEODOSIO, J.
DISSENTING.

{¶16} I respectfully dissent from the opinion of the majority. As the trial court determined, a plain reading of the Operating Agreement as amended on February 21, 2020, revealed no current agreement to arbitrate disputes. I would conclude there was no error in that determination.

{¶17} The appellant's argument that the arbitration termination provision should not be applied retroactively is misplaced, as I do not believe the trial court applied the provision retroactively in the first instance. The Operating Agreement that was in effect beginning February 21, 2020, was specifically amended to remove the prior arbitration clause. Although the majority is correct in stating that the prior arbitration clause was in effect when the *conduct* at issue occurred, there was no arbitration clause in effect at the time the litigation was filed or

when arbitration was requested. Thus, there was no need for the amended provision to be applied retroactively as it was being applied at a date subsequent to the termination of the arbitration clause.

{¶18} Furthermore, the amended Operating Agreement contains no language indicating that the amendment was not intended to govern the parties' ongoing relationship, including the potential litigation of causes of action involving conduct that occurred prior to the amendment. Had it been intended that conduct occurring prior to the termination of the arbitration provision remain eligible for arbitration, the amended Operating Agreement could have been drafted to that effect.

APPEARANCES:

THOMAS A. SKIDMORE, Attorney at Law, for Appellant.

LAWRENCE J. SCANLON, MICHAEL J. ELLIOTT, and JAMES R. GALLA, III, Attorneys at Law, for Appellees.